877 So.2d 447 (2003)
Jonathan McGRIGGS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-CP-00047-COA.
Court of Appeals of Mississippi.
October 28, 2003.
Rehearing Denied January 20, 2004.
Certiorari Denied July 15, 2004.
*448 Jonathan McGriggs, Appellant, pro se.
Office of the Attorney General by Charles W. Maris, attorney for appellee.
Before McMILLIN, C.J., BRIDGES and THOMAS, JJ.
BRIDGES, J., for the Court.
¶ 1. Jonathan McGriggs pled guilty to murder on March 5, 2001, and was sentenced to life in the custody of the Mississippi Department of Corrections. Within two years of his plea, McGriggs filed a pro se motion for post-conviction relief which was dismissed. Aggrieved he asserts the following issues verbatim.

STATEMENT OF THE ISSUES
I. THE DISTRICT ATTORNEY AND I, JONATHAN MCGRIGGS, ALONG WITH COUNSEL, HAD AGREED THAT UPON A PLEA OF GUILTY THEY WOULD RECOMMEND AT SENTENCING A LIFE SENTENCE WITH PAROLE. BUT AT SENTENCING DISTRICT ATTORNEY DID NOT FOLLOW THROUGH WITH THEIR PROMISE AND A GREATER SENTENCE OF NATURAL LIFE WAS GIVEN. THEREFORE THE DISTRICT ATTORNEY BREACHED THE AGREEMENT THAT WAS MADE.
II. WHEN THE PLEA AGREEMENT WAS NEVER MENTION, RULE 11(E)(5) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE WAS DISREGARDED, WHEN IT STATED THAT NOTIFICATION TO THE COURT OF THE EXISTENCE OF A PLEA AGREEMENT SHALL BE GIVEN....
III. AS A RESULT OF THE COURT NOT KNOWING ABOUT THE PLEA AGREEMENT. THE COURT FAIL TO ADVICES ME THAT IF I PLEAD GUILTY I HAD NO RIGHT TO WITHDRAW THE PLEA, WHICH RULE 11(E)(2) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE MANDATED BEFORE THE PLEA COULD BE ACCEPTED.

FACTS
¶ 2. Jonathan McGriggs was indicted for capital murder of W.Q. Bradley on June 6, 2000. A charge to which he originally entered a plea of not guilty. However, eleven months later with his court appointed attorney McGriggs entered a plea of guilty to a reduced charge of murder in the Circuit Court of Copiah County, Mississippi. On the "Petition to Enter Plea of Guilty" filled out by McGriggs, he stated that he expected to receive the recommended *449 sentence of life with parole for his guilty plea to murder. However, the judge in sentencing McGriggs informed him that parole was not guaranteed and that he would receive a life sentence, meaning that McGriggs who was twenty-two at the time might have to serve until he is sixty-five. McGriggs accepted the plea anyway.

ANALYSIS
¶ 3. "When reviewing a lower court's decision to dismiss a petition for post-conviction relief, this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised, the applicable standard of review is de novo" Graves v. State, 822 So.2d 1089, 1090(¶ 4) (Miss.Ct.App.2002) (citing Pickett v. State, 751 So.2d 1031, 1032) (¶ 8) (Miss.1999); Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).
I. DID THE DISTRICT ATTORNEY BREACH HIS PLEA AGREEMENT WITH MCGRIGGS BY NOT OFFERING A SENTENCE OF LIFE WITH PAROLE?
¶ 4. McGriggs' basis for his complaint is that the district attorney did not mention the offer of life with parole to the judge during sentencing. This agreement between McGriggs and the district attorney, McGriggs claims, was essential to the judge's understanding of the reasons for his plea and therefore should have been disclosed. To support this argument McGriggs wrongly cites to McCarthy v. U.S., 394 U.S. 459, 464-66, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), which gives the guidelines and requirements for district court judges in accepting guilty pleas.
¶ 5. Following the Mississippi statute for post-conviction relief the petitioner should prove "he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence." Miss.Code Ann. § 99-39-5(2) (Rev.2000). The additional evidence McGriggs seeks to introduce is that his plea agreement included parole. This fact was clearly written on McGriggs' plea agreement given to the court and was known by both McGriggs and his attorney. Both were questioned by the judge before sentencing as to whether or not they knew of any reason the judge should not accept the guilty plea. It follows that the additional evidence sought to be used by McGriggs to support his plea for post-conviction relief was reasonably discoverable at the time of trial.
¶ 6. In opposition the State raises two points which procedurally bar McGriggs' claim. One is that the December 3, 2002 dismissal of post-conviction relief motion was a successive motion of the November 21, 2002 motion for post-conviction relief, which was denied but was never appealed. Copies of the November motion for post-conviction relief are not available in the record. However in the December 23, 2002 order dismissing the motion, Judge Pickard refers to his earlier order. Under section 99-39-23(6) of the post-conviction relief procedures, a ruling on a motion denying relief shall bar a successive motion unless it is specifically exempted. Although there is no proof in the record to either support or deny the existence of the prior motion for post-conviction relief, the reference in Judge Pickard's order is sufficient to take judicial notice of its existence and to rule that the successive motion was improper.
¶ 7. The second point the State raises on appeal is that McGriggs did not object to the sentence at the sentencing hearing even though McGriggs had ample opportunity to do so. The State asserts that McGriggs did not preserve this issue *450 for appeal; therefore, he is procedurally barred from asserting it here. In order to preserve an error for review, there must be a contemporaneous objection. Smith v. State, 530 So.2d 155, 161 (Miss.1988). It is counsel's responsibility to object specifically to preserve the issue for appeal. Goree v. State, 750 So.2d 1260, 1262(¶ 4) (Miss.Ct.App.1999) (citing Nelson v. State, 687 So.2d 775, 775 (Miss.Ct.App.1996)). The trial court will not be held in error on a legal point that was not presented for the court's consideration. Chase v. State, 645 So.2d 829, 846 (Miss.1994).
¶ 8. This argument by the State is well supported in the transcript of the sentencing hearing. McGriggs was clearly told by Judge Pickard that "no one can assure you early release, parole, good time or anything else.... You may be required to stay in jail for the rest of your life. Do you understand?" To which McGriggs replied in the affirmative. Neither he nor his lawyer objected to the confusion as to the issue of parole during the sentencing even though both were given multiple opportunities to do so.
¶ 9. Therefore, for the above reasons that this is an appeal of a successive motion, that this issue was not properly objected to at the trial level and that this mistake was clearly discoverable at the time of trial, the ruling by the trial judge dismissing this motion for post-conviction relief is affirmed.
II. & III. WAS FEDERAL RULE OF CRIMINAL PROCEDURE 11(E)(5) VIOLATED?
¶ 10. Adherence to the Federal Rules of Criminal Procedure is not required by the judges of the State of Mississippi. However, in attempting to find the corresponding Mississippi Rule of Criminal Procedure it was discovered that Federal Rule of Criminal Procedure 11(e)(5) does not exist and no part of Federal Rules of Criminal Procedure 11 states what McGriggs claims this section states. This issue is barred from consideration due to McGriggs's failure to support his issue with authority and proper citations with which the Court can determine its merits on appeal. Therefore, reversal on this issue cannot be found and the judgment of the trial court is affirmed.
¶ 11. THE JUDGMENT OF THE COPIAH COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. COSTS ARE ASSESSED TO COPIAH COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.