864 So.2d 1022 (2004)
Floyd HALEY, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-CA-00397-COA.
Court of Appeals of Mississippi.
January 27, 2004.
*1023 M.A. Bass, Jr., attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before KING, P.J., IRVING and GRIFFIS, JJ.
IRVING, J., for the Court.
¶ 1. Floyd Haley filed a pro se motion for post-conviction collateral relief alleging that his conviction and/or sentence was unconstitutional and that he was entitled to relief on the basis of double jeopardy, due process, and ineffective assistance of counsel. The trial judge of the Circuit Court of Copiah County denied Haley's motion as having no merit. Feeling aggrieved, Haley appeals and argues that the trial court erred in denying his motion.
¶ 2. We find no error; therefore, we affirm the trial court's denial of post-conviction relief but remand the case for entry of an order correcting and supplementing the record as to post-trial proceedings relating to Haley's sentence.

FACTS
¶ 3. Haley went to trial on a charge of burglary of a dwelling. The jury found him guilty as charged, and the trial judge sentenced him to sixteen years in the custody of the Mississippi Department of Corrections. Within a week of the conviction, Haley filed a petition to enter a plea of guilty to the same offense. In the petition, the State agreed that it would recommend to the trial judge that Haley receive a reduced sentence of ten years. The trial judge accepted the State's recommendation and entered an amended sentencing order in which he imposed the reduced sentence.
¶ 4. More than a year after his conviction, Haley filed his pro se motion for post-conviction collateral relief (PCR) based on double jeopardy, a denial of due process, and ineffective assistance of counsel. As to the double jeopardy issue, Haley argued that the trial court "erred in accepting and offering a plea after [he had] already [been] found guilty by a trial jury and sentenced." Haley's second argument alleged a denial of due process. He contended that the trial court "erred in convicting [him] when the jury did not prove [sic] beyond a reasonable doubt every element of the crime and thus violated his due process rights as described in the Fourteenth Amendment of the United States Constitution."
¶ 5. Haley asserted that, at the time of trial, there was no evidence except hearsay *1024 statements made by the victim. Moreover, Haley maintained that the State did not prove that he was on the property or anywhere near it, thus the "verdict was against the overwhelming wieght [sic] of the evidence because the State did not prove the [sic] beyond a reasonable doubt that the defendant committed the crime." In his last argument, Haley asserted that the trial court "erred in convicting [him] of the crime because his legal counsel erred in allowing conviction when he should have asked for a directed verdict because the State failed to prove element [sic] of burglary beyond a reasonable doubt." Haley concluded his PCR motion by requesting that the trial court "dismiss the full indictment on this petitioner after an eventuary [sic] hearing for the constitutional wrongs and injustice of the illegal conviction in the jury verdict."
¶ 6. The trial court denied Haley's motion for PCR without an evidentiary hearing, finding that the motion lacked merit. Haley then filed this appeal.

ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 7. When reviewing a lower court's decision to deny a petition for post-conviction relief an appellate court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999) (citing Bank of Miss. v. Southern Mem'l Park, Inc., 677 So.2d 186, 191 (Miss.1996)).
¶ 8. In his appeal to this Court, Haley, represented by counsel, abandons the double jeopardy argument and other contentions made in the trial court and argues claims not presented to the trial court in his PCR motion to support his contention that the trial court erred in not granting his motion. It is well established in Mississippi case law that an appellate court will not consider or review issues that were not raised in the trial court. Crenshaw v. State, 520 So.2d 131, 134 (Miss.1988). A defendant is procedurally barred from raising an objection on appeal that is different than that raised at trial. Jones v. State, 606 So.2d 1051, 1058 (Miss. 1992). A trial judge cannot be put in error on a matter which was not presented to him for decision. Logan v. State, 773 So.2d 338, 346 (¶ 29) (Miss.2000).
¶ 9. We find, as urged by the State, that all issues raised by Haley in this appeal are procedurally barred because they were not presented to the trial court in his PCR motion. However, the record sent up with this appeal indicated that Haley might have been twice convicted and twice sentenced for the same crime. To resolve this concern, we requested a supplementation of the record to explain the existence of two separate orders, each of which indicated that Haley had been convicted of burglary and received a sentence for it, one order indicating the sentence was sixteen years and the other order indicating that the sentence was ten years.
¶ 10. The trial court complied with this Court's request and advised that following Haley's conviction by the jury and sentence by the court, he filed a motion for a new trial which the State agreed should be granted. The parties then entered into a plea agreement whereby Haley agreed to plead guilty to burglary, and the State agreed to recommend a sentence of ten years. For some inexplicable reason, the motion for a new trial was never filed but was in fact acted upon by the trial court. The petition to plead guilty was filed and made a part of the record. Prior to entering the judgment of conviction and sentence pursuant to the plea of guilty, the trial court inadvertently failed to enter an order granting the motion for a new trial and setting aside the earlier conviction and *1025 sentence. Instead, the trial court entered an amended sentencing order which failed to even mention the prior sentencing order.
¶ 11. Consequently, we affirm the trial court's denial of post-conviction relief, but we remand the case to the trial court for entry of an order consistent with the post-trial proceedings relative to the disposition of the motion for new trial and subsequent order of conviction and sentence.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF COPIAH COUNTY DENYING POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED BUT THE CASE IS REMANDED TO THE TRIAL COURT FOR ENTRY OF AN ORDER CONSISTENT WITH THE POST-TRIAL PROCEEDINGS RELATIVE TO THE DISPOSITION OF THE MOTION FOR NEW TRIAL AND SUBSEQUENT ORDER OF CONVICTION AND SENTENCE. COSTS OF THIS APPEAL ARE ASSESSED TO COPIAH COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.