891 So.2d 260 (2004)
Johnnie Lee HUDSON, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-CP-01683-COA.
Court of Appeals of Mississippi.
October 5, 2004.
Rehearing Denied January 11, 2005.
Johnnie Lee Hudson, attorney for appellant, pro se.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before KING, C.J., IRVING and MYERS, JJ.
*261 KING, C.J., for the Court.
¶ 1. Johnnie Hudson, pro se, appeals from an order of the Circuit Court of Copiah County, Mississippi denying his petition for post-conviction relief. Aggrieved, Hudson asserts the following issues, which we quote verbatim:
I. Appellant was denied his right to be free from an illegal sentence which is his fundamental constitutional right.
II. The Appellant did not have a bifurcated trial as required by Rule 6.04 (Now Rule 11.03).
III. The Appellant was denied his right to address the court before sentencing as required by Fed. Rule Crim. P 32(A)(1)(C).
IV. The Appellant was not allowed to be present at his sentencing hearing although he was in nearby local custody as required by Federal Rule Crim. P 32(C)(2).
¶ 2. Finding no error, we affirm.

STATEMENT OF FACTS
¶ 3. On February 9, 1995, Johnnie Hudson pled guilty to burglary of an inhabited dwelling. On February 13, 1995, Hudson was sentenced as an habitual offender to serve fifteen years in the custody of the Mississippi Department of Corrections. During his guilty plea Hudson was represented by counsel. Hudson filed a motion for leave to file motion for post-conviction relief in the Mississippi Supreme Court, and on June 5, 2003, the supreme court dismissed the motion as not being properly before the court. On June 19, 2003, Hudson filed a petition for post-conviction relief in the Circuit Court of Copiah County. On June 24, 2003, the trial court determined that Hudson's appeal was time-barred, and denied his petition for post-conviction relief, without conducting an evidentiary hearing. It is from this adverse ruling that Hudson appeals, pro se, alleging that his conviction and sentence are "illegal," and that the three year statute of limitations does not apply.

ISSUE AND ANALYSIS

I.

Appellant was denied his right to be free from an illegal sentence which is his fundamental constitutional right.
¶ 4. Hudson contends that the trial judge erred in denying his petition for post-conviction relief because he is serving an illegal sentence. Hudson contends that his petition should be excepted from the three-year time bar, because his sentence was illegal since he was denied his fundamental rights under the Fifth, Sixth, and Fourteenth Amendments.
¶ 5. Our standard of review of the trial court's denial of a PCR motion is clear. We will not reverse the factual findings of the trial court unless they are clearly erroneous. McGleachie v. State, 840 So.2d 108, 109(¶ 5) (Miss.Ct.App.2002).
¶ 6. As Hudson's issues are interrelated, we will address them in a single issue. Mississippi law requires a prisoner who desires to attack his guilty plea to file his PCR motion within three years after entry of the judgment of conviction. Miss.Code Ann. § 99-39-5(2) (Rev.2000). Hudson pled guilty on February 9, 1995, and was sentenced on February 13, 1995, but did not file his PCR motion until June 19, 2003. Clearly, Hudson's petition is time-barred unless he can show that his case falls within one of the statutory exceptions to the three-year time bar. Mississippi Code Annotated Section 99-39-5, provides for the following exceptions to the three year statutory limit for filing a PCR motion:

*262 Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.
Miss.Code Ann. § 99-39-5(2). Hudson alleges that the three year limitation mandated by Mississippi Code Annotated § 99-39-5(2) is inapplicable to him because his sentence is illegal. Hudson cites us to case law which holds that a PCR motion based on an illegal sentence may be exempted from the three year ban. The Mississippi Supreme Court has held that the three year statute of limitations may be waived when a fundamental constitutional right is implicated. See, e.g., Sneed v. State, 722 So.2d 1255, 1257 (¶ 11) (Miss.1998); Luckett v. State, 582 So.2d 428, 430 (Miss.1991). It is Hudson's argument that his sentence is illegal because he was sentenced as an habitual offender without receiving the mandatory bifurcated hearing required by Rule 11.03 of the Uniform Circuit and County Court Rules. Rule 11.03 mandates a separate hearing before a defendant can be adjudged an habitual offender and subjected to enhanced punishment, and states in relevant part:
2. Separate trials shall be held on the principal charge and on the charge of previous convictions. In the trial on the principal charge, the previous conviction will not be mentioned by the state or the court except as provided by the Mississippi Rules of Evidence.
3. If the defendant is convicted or enters a plea of guilty on the principal charge, a hearing before the court without a jury will then be conducted on the previous convictions.
URCCC 11.03(2)(3).
¶ 7. However, this court held in Keyes v. State, 549 So.2d 949, 951 (Miss.1989), that a petitioner's status as an habitual offender can be established at the entry of a guilty plea, making it unnecessary to have a separate bifurcated hearing, and states in relevant part:
Under these circumstances, we find beyond peradventure that Keyes' status as an habitual offender was established at the time his sentences were imposed. That this was done at the same hearing where his guilty plea was accepted rather than at a separate hearing is of no moment. The cases upon which Keyes relies  Young[, 507 So.2d 48 (Miss.1987)], Bandy[, 495 So.2d 486 (Miss.1986)], DeBussi[, 453 So.2d 1030 (Miss.1984)], and Seely v. State, 451 So.2d 213 (Miss.1984)  all involve the situation where an offender has been found guilty before a jury and thereafter a separate non-jury hearing is held on the question of habitual offender status. Those cases hardly stand for the proposition that a separate habitual offender hearing must be held upon a guilty plea. Indeed, this would be the ultimate in exalting form over substance.
Keyes, 549 So.2d at 951.
¶ 8. At Hudson's guilty plea the following dialogue transpired:

*263 BY THE COURT: All right, do you feel like the District Attorney could prove everything he just said?
BY MR. HUDSON: Oh, yes
BY THE COURT: All right, sir. Mr Hudson, you realize that in this indictment you're charged with burglary of an inhabited dwelling by habitual criminal, you understand that?
BY MR. HUDSON: Yes sir, I do.
BY THE COURT: And do you understand what that means?
BY MR. HUDSON: Yes, sir.
BY THE COURT: What does that mean?
BY MR. HUDSON: That mean I'm a prior felon and I broke in somebody house while they was in there.
BY THE COURT: Yes, sir, it means that you have been convicted on at least two (2) occasions 
BY MR. HUDSON: Okay.
BY THE COURT:  of felons. And is that true?
BY MR. HUDSON: Yes, sir.
BY THE COURT: And the District Attorney could also prove that, could he not?
BY MR. HUDSON: Yes, he could.
BY THE COURT: All right, well you also understand that when it comes to sentencing, Mr. Hudson, that means I'm going to have to sentence you to the maximum sentence allowable by law, and that's 15 years in the Department of Corrections?
BY MR. HUDSON: I understand that.
BY THE COURT: And you understand that if I sentence you to that, that there's not any possibility that you're going to get any kind of parole or good time or anything else, and you're going to have to serve every day of this sentence? You understand that?
BY MR. HUDSON: I understand that.
BY THE COURT: You sure?
(No Response)
BY THE COURT: You understand that?
BY MR. HUDSON: I understand what you're saying.
It is clear in the record the trial judge informed Hudson that he was being adjudged and sentenced as an habitual offender. Hudson had ample opportunity to contest this status, but chose to acknowledge it rather than contest it. Hudson has failed to show that he was denied a fundamental right, or that his sentence is illegal. For purposes of this appeal Hudson has failed to demonstrate that a fundamental constitutional right was implicated and that he is thus entitled to a waiver of the time bar.
¶ 9. Hudson also argues that the State failed to have him present at sentencing, as required by Federal Rules of Criminal Procedure Rule 32, thereby rendering his sentence illegal. Our state courts are not bound by the Federal Rules of Criminal Procedure. Instead, they are bound by the Uniform Circuit and County Court Rules. The equivalent state rule is URCCC 11.01, which Hudson correctly cited to in his reply brief.
¶ 10. The appellant in any case is charged with the responsibility of placing before this Court a record which sufficiently establishes the matters of which he complains. In re V.R., 725 So.2d 241, 245 (¶ 16) (Miss.1998). "We have on many occasions held that we must decide each case by the facts shown in the record, not assertions in the brief, however sincere counsel may be in those assertions." Mason v. State, 440 So.2d 318, 319 (Miss.1983). "Facts asserted to exist must and ought to be definitely proved and placed before us *264 by a record, certified by law; otherwise, we cannot know them." Id.
¶ 11. The record which is before this Court includes a transcript, which indicated that the trial judge began the sentencing process in open court, but continued the matter to a later date. There is no record of a further sentencing hearing. However, the record does contain a copy of the sentencing order which affirmatively states that Hudson was present in open court for sentencing. In light of the standard of review, this Court accepts as true the findings of the trial judge, unless there is contradictory evidence indicating that the trial judge abused his discretion. In the absence of such contradictory evidence, this Court is entitled to rely upon the trial judge's findings as stated in the sentencing order. See McGriggs v. State, 877 So.2d 447 (Miss.Ct.App.2003).
¶ 12. Based upon the record before this Court, Hudson's claim of an illegal sentence is unpersuasive. He has likewise failed to establish that this claim is excepted from the three year statute of limitations for PCR motions.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF COPIAH COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO COPIAH COUNTY.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS AND BARNES JJ., CONCUR. ISHEE, J., NOT PARTICIPATING.