977 So.2d 1238 (2008)
Lawrence Kirby PAYNE, Appellant
v.
STATE of Mississippi, Appellee.
No. 2007-CA-00330-COA.
Court of Appeals of Mississippi.
March 25, 2008.
Randolph Walker, attorney for appellant.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before KING, C.J., ROBERTS and CARLTON, JJ.
ROBERTS, J., for the Court.
¶ 1. On October 20, 1989, Lawrence Kirby Payne entered a guilty plea to conspiracy to commit capital murder as a habitual offender under Mississippi Code Annotated section 99-19-81 and was sentenced to twenty years in the Mississippi Department of Corrections. Payne appeals from the dismissal of his motion for post-conviction relief, which was filed on October 27, 2006. The trial court found that Payne's motion was barred by the three-year statute of limitations of Mississippi Code Annotated section 99-39-5(2).
¶ 2. On appeal, Payne raises the following assignments of error:
1. Whether the trial court erred in finding that Payne did not prove the denial of a fundamental right.
2. Whether the judgment of the trial court denying the motion for post-conviction relief and failing to grant an evidentiary hearing was against *1239 the overwhelming weight of the evidence.
¶ 3. This Court finds no error and affirms the judgment of the trial court.

FACTS
¶ 4. On October 7, 1988, Payne and Susie Balfour had robbed a Circle K convenience store and were in the process of getting away or escaping when they were pulled over by a police officer in a marked squad car. The police officer was placing Payne in handcuffs when Balfour got out of the car and shot the officer. Payne was initially indicted for capital murder in the death of the police officer.
¶ 5. At the time of his guilty plea on October 20, 1989, the trial court also found that Payne had been twice convicted in Yalobusha County, by the same circuit judge who was hearing the guilty plea, of felonies separately brought and arising out of separate incidences that occurred at different times. Payne had been sentenced to separate terms of one year or more on these felonies. The trial court also found that Payne had entered a plea of guilty to the crime of robbery and been sentenced to a term of ten years on February 22, 1989.
¶ 6. In finding that Payne's motion for post-conviction relief should be dismissed, the trial court held that the motion was time-barred and did not fall within any exception to the statute. The trial court alternatively found that there was no merit to Payne's claims raised in his motion.

STANDARD OF REVIEW
¶ 7. A trial court's denial of post-conviction relief will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court's proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).

DISCUSSION
1. Whether the trial court erred in finding that Payne did not prove the denial of a fundamental right.
¶ 8. Payne argues that he was denied a fundamental right during his sentencing; therefore, the three-year statute of limitations is waived, citing Hudson v. State, 891 So.2d 260, 261-62(¶ 6) (Miss.Ct. App.2004) and Solem v. Helm, 463 U.S. 277, 290, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). The Supreme Court's holding in Solem has since been overruled by Harmelin v. Michigan, 501 U.S. 957, 965, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991).
¶ 9. Mississippi Code Annotated section 99-39-5(2) (Rev.2007) provides for exceptions to the three-year statute of limitations in cases where there are intervening cases from the Mississippi Supreme Court or United States Supreme Court that would have a bearing on the case or where there is newly discovered evidence. Payne does not allege that either of these instances are applicable, but he does allege that there has been a denial of a fundamental right during his sentencing. In Hudson, this Court found that "the three year statute of limitation may be waived when a fundamental constitutional right is implicated." Hudson, 891 So.2d at 262(¶ 6). In Hudson, this Court did not find any denial of a fundamental right in sentencing, and likewise we cannot find any here. Id. at 264(¶ 12).
¶ 10. In Solem, the United States Supreme Court set out factors which could guide a proportionality analysis: (1) the gravity of the offense and the harshness of the penalty, (2) comparison of the sentence with sentences imposed on other criminals *1240 in the same jurisdiction, and (3) comparison of sentences imposed in other jurisdictions for commission of the same crime with the sentence imposed in this case. Solem, 463 U.S. at 290-91, 103 S.Ct. 3001.
¶ 11. Mississippi Code Annotated section 99-19-81 (Rev.2007) sets forth the requirements for sentencing a criminal defendant as a habitual offender. In this case, the circuit judge found that the State proved beyond a reasonable doubt that Payne was clearly a habitual offender as set out in section 99-19-81. The circuit judge sentenced Payne to the maximum imprisonment, which in this case was twenty years, and ordered that the sentence should not be reduced or suspended nor should he be eligible for parole or probation. Despite the mandatory nature of the statute, the trial court did a proportionality analysis under Solem and Clowers v. State, 522 So.2d 762, 764-65 (Miss.1988). After its analysis, the trial court concluded that the mandates of the statute should be followed and sentenced Payne to the mandated twenty-year sentence.
¶ 12. We conclude that the three-year statute of limitations was properly applied and find this argument has no merit.
2. Whether the judgment of the trial court denying the motion for post-conviction relief and failing to grant an evidentiary hearing was against the overwhelming weight of the evidence.
¶ 13. Based on our conclusion that the motion was barred by the three-year statute of limitations, it is not necessary for this Court to review this issue. However, we will address the issue in order to show it is also without merit, even if it had been timely filed.
¶ 14. Payne's basic argument is that he received ineffective assistance of counsel. He argues that Balfour was more involved in the slaying of the police office than he was and that his attorney should have raised this issue. Payne argues that some of the convictions used for sentence enhancement occurred after the charges were filed in the present case.
¶ 15. It is clear from the sentencing phase of Payne's guilty plea hearing that the circuit judge was familiar with the facts of Payne's prior crimes and of his culpability in the killing of the police officer. It should also be noted that the State dismissed the capital murder portion of the indictment after Payne pled guilty to conspiracy to commit murder. It was not necessary for "Payne's trial attorney . . . to present evidence of testimony from the trial of Susie Balfour that would have effectively shown that Payne was the less culpable party and therefore should have received a lesser sentence." At the sentencing hearing, the circuit judge concluded that "you may not think you're very lucky right now, but I believe you're a lucky man because unlike Susie Balfour, you're not looking at the death penalty."
¶ 16. In the order dismissing the motion for post-conviction relief, the trial court specifically addressed the issue of ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The trial court found no merit to Payne's claim of ineffective assistance of counsel. Payne had admitted his guilt and stated that he was satisfied with the services of his two attorneys. The sentence that Payne received was that mandated by the Mississippi Legislature.
¶ 17. Other issues also raised by Payne were specifically addressed by the circuit judge in the order dismissing the motion for post-conviction relief. We conclude that the trial court properly dismissed the *1241 motion for post-conviction relief and that an evidentiary hearing was not warranted.

CONCLUSION
¶ 18. The circuit judge properly found that Payne was barred by the three-year statute of limitations and that, alternatively, all the issues raised were without merit. This Court affirms the judgment of the Circuit Court of DeSoto County.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO DESOTO COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR.