# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-00619-COA

**KENDRICK C. JEFFERSON A/K/A KENDRICK CANTRELL JEFFERSON**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                    APPELLEE

DATE OF JUDGMENT: 02/11/2019
TRIAL JUDGE: HON. ANTHONY ALAN MOZINGO
COURT FROM WHICH APPEALED: LAMAR COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT: KENDRICK C. JEFFERSON (PRO SE)
ATTORNEY FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL
BY: BARBARA WAKELAND BYRD
NATURE OF THE CASE: CIVIL - POST-CONVICTION RELIEF
DISPOSITION: REVERSED AND REMANDED - 08/18/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**CARLTON, P.J., FOR THE COURT:**

¶1. Kendrick C. Jefferson filed a motion for post-conviction relief (PCR) in the Lamar County Circuit Court. The trial court dismissed the motion after finding it barred as successive.

¶2. After our review, we find that Jefferson is entitled to an evidentiary hearing due to the "extraordinary circumstances" of his case. *Chapman v. State*, 167 So. 3d 1170, 1174 (¶12) (Miss. 2015). The record reflects that the court reporter has never submitted the transcript of the plea hearing, including the plea colloquy, or the transcript of the sentencing hearing

to the trial court clerk. As a result, these transcripts are not part of the record.[1] The trial court therefore summarily denied Jefferson's PCR motion without the ability to review the merits of Jefferson's claims. Under the particular circumstances of Jefferson's case, we reverse the trial court's order dismissing Jefferson's PCR motion and remand for an evidentiary hearing.

**FACTS**

¶3. On May 18, 2018, Jefferson pleaded guilty to one count of domestic violence/aggravated assault and one count of unlawful possession of a firearm by a felon.[2] That same day, the trial court sentenced him to serve a term of twenty years in the custody of the Mississippi Department of Corrections (MDOC) for the domestic violence conviction and ten years in the custody of the MDOC for the felon-in-possession-of-a-firearm conviction.

¶4. Jefferson filed his PCR motion on November 14, 2018, alleging insufficient indictments, insufficient evidence to support his domestic-violence charge, and ineffective

---

[1] "It is well established in Mississippi case law that an appellate court will not consider or review issues that were not raised in the trial court." *Haley v. State*, 864 So. 2d 1022, 1024 (¶8) (Miss. Ct. App. 2004) (citing *Crenshaw v. State*, 520 So. 2d 131, 134 (Miss. 1988)). Furthermore, when reviewing a petitioner's PCR motion, "the trial judge's obligation is to review the 'original motion, together with all the files, records, transcripts and correspondence relating to the judgment under attack,' in order to resolve the merits of the allegations." *Bilbo v. State*, 881 So. 2d 966, 967 (¶3) (Miss. Ct. App. 2004) (quoting Miss. Code Ann. § 99-39-11(1) (Rev. 2000)).

[2] Jefferson's sentencing order does not appear in the record before us. However, the record indicates that he pleaded guilty to one count of domestic violence/aggravated assault and one count of unlawful possession of a firearm by a felon.

assistance of counsel. On February 11, 2019, the trial court summarily dismissed Jefferson's PCR motion, explaining that his motion was barred as a successive motion pursuant to Mississippi Code Annotated section 99-39-23(6) (Rev. 2015) and this Court's holding in *Shanks v. State*, 233 So. 3d 877, 880 (¶11) (Miss. Ct. App. 2017).

¶5.     On April 5, 2019, Jefferson filed his notice of appeal. The supreme court clerk issued a show-cause notice on April 10, 2019, requiring Jefferson to show cause as to why the appeal should not be dismissed as untimely filed. *See* M.R.A.P 4(a) ("[T]he notice of appeal . . . shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from."); M.R.A.P. 2(a)(1) ("An appeal shall be dismissed if the notice of appeal was not timely filed pursuant to Rules 4 or 5."). Jefferson entered his response to the show-cause notice on April 16, 2019. On May 28, 2019, this Court entered an order stating that after "[t]aking into consideration Jefferson's response to the show-cause notice and delays in mailing due to Jefferson's status as a prisoner, we find that the appeal should be allowed to proceed." *See* M.R.A.P. 2(c).

¶6.     We therefore turn to address Jefferson's appeal from the trial court's dismissal of his PCR motion.

## STANDARD OF REVIEW

¶7.     "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's decision if it is clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Williams v. State*, 228 So. 3d 844,

3

846 (¶5) (Miss. Ct. App. 2017).

## DISCUSSION

¶8. The State argues that Jefferson's PCR motion was successive-writ barred and that on appeal Jefferson failed to demonstrate why the successive-writ bar should not apply. Our review of Jefferson's appellate brief shows that Jefferson merely restates the issues that he presented in his PCR motion below, and he makes no argument as to why the successive-writ bar should not apply.

¶9. Mississippi Code Annotated section 99-39-23(6) "bars PCR motions from this Court's review if the movant has filed a previous PCR motion." *Porter v. State*, 281 So. 3d 935, 938 (¶12) (Miss. Ct. App. 2019). "[Jefferson], as the [PCR] movant, bears the burden of proving by a preponderance of the evidence that his claim is not . . . barred as a successive [motion]." *O'Neal v. State*, 281 So. 3d 274, 278 (¶13) (Miss. Ct. App. 2019).

¶10. In its order dismissing Jefferson's PCR motion as a successive motion, the trial court found that as follows:

> Jefferson has previously submitted a PCR motion and this [c]ourt has ruled on said motion. (Lamar County Circuit Court Cause No. 37C11:18-CV-0043AM). The instant motion is therefore dismissed as a successive writ. Miss. Code Ann. § 99-39-23(6) ([R]ev. 2009); *Shanks v. State*, 233 So. 3d 877, 880 (¶11) (Miss. Ct. App. 2017).

¶11. Jefferson's prior PCR motion is not in the record before us. However, as shown, the trial court's order sets forth the previous cause number where Jefferson sought post-conviction relief and was denied relief. We recognize that "[a]lthough there is no proof in the

4

record to either support or deny the existence of [Jefferson's] prior motion for post-conviction relief, the reference in the trial court's order is sufficient to take judicial notice of its existence and to rule that the successive motion was improper." *Grogan v. State*, 89 So. 3d 617, 622 (¶13) (Miss. Ct. App. 2011) (quoting *McGriggs v. State*, 877 So. 2d 447, 449 (¶6) (Miss. Ct. App. 2003)). Because the record shows that this is Jefferson's second attempt for post-conviction relief, his motion is barred as successive "unless he can show an exception to overcome the procedural bar." *Porter*, 281 So. 3d at 938 (¶12); *see also O'Neal*, 281 So. 3d at 277 (¶11) ("[T]he trial court's two previous orders denying or dismissing O'Neal's PCR motions . . . are the final judgments that bar[] the filing of a successive motion, such as [O'Neal's] present PCR motion, unless he demonstrates an exception to the statutory bar.").

¶12. In his present PCR motion, Jefferson asserts a claim of ineffective assistance of counsel and argues that his defense counsel refused to accept Jefferson's suggestions regarding various motions to file and arguments to make.[3] Jefferson argued that his counsel also failed to subpoena or interview any witnesses or inspect the evidence against him. Jefferson further argued that his defense counsel "repeatedly advised [Jefferson] to [take the] plea deal, when [Jefferson] asked for a trial." According to Jefferson, his defense counsel

---

[3] To prevail on a claim for ineffective assistance of counsel, Jefferson must prove that (1) "counsel's performance was deficient" and that (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "[W]here a party offers only his affidavit, then his ineffective[-]assistance claim is without merit." *Alford v. State*, 185 So. 3d 429, 432 (¶16) (Miss. Ct. App. 2016).

promised Jefferson that he would receive "a way lighter sentence than life in prison"—specifically, ten years in the custody of the MDOC with eight years suspended.

¶13.    We recognize that "[t]he following fundamental-rights exceptions have been expressly found to survive procedural bars: (1) the right against double jeopardy; (2) the right to be free from an illegal sentence; (3) the right to due process at sentencing; and (4) the right not to be subject to ex post facto laws." *Hayes v. State*, 282 So. 3d 1185, 1188 (¶9) (Miss. Ct. App. 2019).  Although the procedural bars in the Uniform Post-Conviction Collateral Relief Act (UPCCRA), Miss. Code Ann. §§ 99-31-1 to -29 (Rev. 2015), apply to PCR claims based on ineffective assistance of counsel, this Court has recognized that "[u]nder 'extraordinary circumstances,' ineffective assistance of counsel can constitute an exception" to the procedural bars of the UPCCRA.  *Morales v. State*, 291 So. 3d 363, 369 24 (Miss. Ct. App. 2019) (internal quotation marks omitted), *cert. denied*, 289 So. 3d 310 (Miss. 2020). "[M]erely asserting a violation of a constitutional right or a claim of ineffective assistance fails to qualify for an exception to a procedural bar.  Instead, the movant must show that there is some basis of truth for his claim." *Hayes v. State*, 282 So. 3d 1185, 1188 (¶9) (Miss. Ct. App. 2019) (citation omitted).  Where a movant offers only his own affidavit in support of his PCR claim and the affidavit is then contradicted by unimpeachable documents in the record, an evidentiary hearing is not required.  *Gable v. State*, 748 So. 2d 703, 706 (¶12) (Miss. 1999).  "However, when the movant attaches an affidavit of another who supports the allegation, the trial court may be required to conduct an evidentiary hearing." *Sylvester v.*

6

*State*, 113 So. 3d 618, 621 (¶10) (Miss. Ct. App. 2013).

¶14. Here, Jefferson failed to provide his own affidavit or the affidavit of another in support of his PCR claim for ineffective assistance of counsel. However, Jefferson attached an email sent to his defense counsel from the Assistant District Attorney on August 28, 2017. The email informed defense counsel of the State's sentencing recommendation for Jefferson in the event Jefferson entered a guilty plea:

> Count 1: Aggravated Assault—20 years with 10 years suspended and 10 years to serve
>
> Count 2: Nole Prosse [sic]
>
> Count 3: Possession of a weapon by a felon, [h]abitual 99-19-81—10 years to serve
>
> Sentences to run [c]onsecutive. No contact with victim or victim's family.

¶15. The document containing the email correspondence reflects that it was printed from defense counsel's email account. The following language was handwritten on the bottom of the printed page containing the email: "10 yrs MDOC/2 yrs to serve/8 suspended on 5 post. CONCURRENT WITH WALTHALL 2011-9T." There are no initials or signature under the handwriting to denote who wrote it. The supreme court has held that "unsworn statements" which have not been "notarized as made before any official" failed to provide sufficient evidence to support a movant's allegations in his PCR motion. *Wilcher v. State*, 863 So. 2d 719, 744 (¶¶78, 80) (Miss. 2003) (citing Black's Law Dictionary 58 (6th ed. 1990)); *see also Russell v. State*, 849 So. 2d 95, 119 (¶88) (Miss. 2003) (explaining that an

7

unsworn statement attached to a PCR motion "is not an affidavit and, pursuant to statutory requirements, we give it no credence"). We therefore hold that the attachment of this document, without more, fails to constitute sufficient evidence warranting an evidentiary hearing on Jefferson's PCR claim for ineffective assistance of counsel.

¶16. However, we are concerned with the record's failure to contain any "unimpeachable documents" to contradict the allegations made in Jefferson's PCR motion, regardless of whether Jefferson provided sufficient support for these claims. The transcripts of the plea hearing, including the plea colloquy, and the sentencing hearing do not appear in the record before us. In an order entered by the trial court on July 23, 2019, striking in part Jefferson's designation of the record on appeal, the trial court explained, "The [c]ourt finds, as noted in its [o]rder denying Jefferson's PCR motion, the court reporter has never submitted to the clerk a transcript of the plea and sentencing. The record does not contain such a transcript, and the clerk is unable to include it in the record." The order contained a footnote stating, "To the Court's knowledge, the appellate court clerk is contacting the court reporter to attempt to obtain the transcript." As a result, the trial court denied both of Jefferson's PCR motions without access to these transcripts and without the ability to review the merits of Jefferson's claims. Without these transcripts, this Court is also unable to review the proceedings below.

¶17. In *Chapman v. State*, 167 So. 3d 1170, 1174 (¶12) (Miss. 2015), the Mississippi Supreme Court held that the PCR movant, Chapman, was entitled to an evidentiary hearing

8

on his PCR claims due to the "extraordinary circumstances" of that case. Among his claims for relief, Chapman alleged the following violations of his constitutional rights: "his trial record and transcript have been improperly destroyed" and "his counsel was ineffective for not filing his direct appeal." *Id*. at 1172 (¶4). The supreme court confirmed that Chapman never filed a direct appeal of his conviction and sentence. *Id*. at 1171 (¶2). The supreme court also found that although Chapman had filed numerous PCR motions, the motions were all dismissed on procedural grounds. *Id*. As a result, "no appellate court ha[d] ever addressed the merits of his claims." *Id*. at 1171 (¶1). The supreme court stated that "[b]ecause of the lack of a trial record and transcript, it is impossible to address the merits of Chapman's claims and his assertion of ineffective assistance of counsel." *Id*. at 1173 (¶8). The supreme court accordingly held that "[u]nder these extraordinary circumstances—lack of a direct appeal, lack of a court record, his attorney's alleged failure to obtain a transcript, lack of appellate review of the merits of his claims—we find Chapman is entitled to an evidentiary hearing[.]" *Id*. at 1174 (¶12).

¶18.    Like *Chapman*, we find "it is impossible to address the merits of [Jefferson's] claims and his assertion of ineffective assistance of counsel" without the plea colloquy, plea hearing transcript, and sentencing transcript. *Id*. at 1173 (¶8). These transcripts do not appear in the record, and as a result, Jefferson's PCR motions were denied without the trial court reviewing the plea colloquy, plea hearing transcript, or sentencing transcript. As stated, Jefferson's first PCR motion and the order denying that PCR motion do not appear in the

9

record before us. The record does contain the trial court's order summarily dismissing Jefferson's subsequent PCR motion (at issue before us) as successive-writ barred. However, the record contains no evidence showing that the trial court or an appellate court has ever addressed the merits of Jefferson's PCR claims.

¶19. Based on the foregoing, we reverse the trial court's order dismissing Jefferson's PCR motion and remand this case for an evidentiary hearing. On remand, the trial court is instructed to review the transcripts of the plea hearing, plea colloquy, and sentencing hearing and consider the merits of Jefferson's PCR claim for ineffective assistance of counsel.

¶20. **REVERSED AND REMANDED.**

**BARNES, C.J., WESTBROOKS AND McDONALD, JJ., CONCUR. McCARTY, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. WILSON, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY GREENLEE AND LAWRENCE, JJ.**

**WILSON, P.J., DISSENTING:**

¶21. The Uniform Post-Conviction Collateral Relief Act (UPCCRA) provides that "any order dismissing . . . or otherwise denying" a motion for post-conviction relief (PCR) "shall be a bar to a second or successive [PCR] motion." Miss. Code Ann. § 99-39-23(6) (Rev. 2015). This bar applies in this case because this is Jefferson's second PCR motion.[4]

---

[4] Although the record in this case does not include the order denying Jefferson's first PCR motion, the circuit court's reference to the first order and case number "is sufficient to take judicial notice of its existence and to rule that the successive motion was improper." *Grogan v. State*, 89 So. 3d 617, 622 (¶13) (Miss. Ct. App. 2011) (quoting *McGriggs v. State*, 877 So. 2d 447, 449 (¶6) (Miss. Ct. App. 2003)).

¶22. There are exceptions to this "successive-writ bar." The UPCCRA includes some exceptions, Miss. Code Ann. § 99-39-23(6), but none apply in this case. In addition, the Mississippi Supreme Court has held that "errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA." *Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010).[5] To date, however, the Court has not provided a clear or complete explanation of the difference between "fundamental constitutional rights" and just plain old constitutional rights. In one case, the Court held that the protection against double jeopardy, the right to be free of an "illegal sentence," and the right to "due process at sentencing" are "fundamental constitutional rights." *Rowland v. State*, 98 So. 3d 1032, 1036 (¶6) (Miss. 2012), *overruled on other grounds by Carson v. State*, 212 So. 3d 22, 33 (¶38) (Miss. 2016). The Court stated that "[t]he deprivation of liberty—that unalienable, natural right inherent in all persons since time immemorial—without authority of law" is what "distinguishes these three [rights] from all other [rights]." *Id.* (footnote omitted).[6] The Supreme Court has also said that a claim of ineffective assistance of counsel "*might* be excepted from the procedural bars" in some cases "in exceptional circumstances." *Conley v. State*, No. 2011-M-01006,

---

[5] The "procedural bars" referred to in *Rowland* include the UPCCRA's successive-writ bar and statute of limitations. *Id.* at 505 (¶5). Some justices have criticized both the judicially created "fundamental-rights exception" and the Court's mischaracterization of "substantive enactments of the Legislature" as mere "procedural bars." *Williams v. State*, 222 So. 3d 265, 268-71 (¶¶8-15) (Miss. 2017) (Coleman, J., concurring); *see also Chapman v. State*, 250 So. 3d 429, 455 (¶170) (Miss. 2018) (Coleman, J., specially concurring).

[6] Well, not quite "all." The Supreme Court later held that ex post facto claims are also excepted from the "procedural bars." *Bell v. State*, 123 So. 3d 924, 924-25 (Miss. 2013); *Boyd v. State*, 155 So. 3d 914, 918 (¶13) (Miss. Ct. App. 2014).

11

2020 WL 949240, at *1 (Miss. Feb. 26, 2020) (emphasis added); *see also Chapman v. State*, 167 So. 3d 1170, 1174 (¶12) (Miss. 2015) (stating that an ineffective assistance claim was excepted from the procedural bars due to that case's "extraordinary circumstances").

¶23.    Jefferson "bears the burden of proving by a preponderance of the evidence that his claim is not . . . barred as a successive [motion]." *O'Neal v. State*, 281 So. 3d 274, 278 (¶13) (Miss. Ct. App. 2019).  Thus, to the extent he claims ineffective assistance of counsel, it was his burden to produce evidence of "extraordinary circumstances" that would except his claim from the successive-writ bar. *Kelly v. State*, No. 2018-CP-00993-COA, 2020 WL 2394057, at *2 (¶9) (Miss. Ct. App. May 12, 2020) (motion for rehearing pending).  Jefferson failed to meet this burden.  On this issue, his PCR motion consists of uncorroborated allegations that his attorney failed to investigate the case, urged Jefferson to plead guilty, and told Jefferson he "was sure" Jefferson would receive a shorter sentence than the sentence that was ultimately imposed.  On appeal, Jefferson does not address the successive-writ bar at all.  He only vaguely alleges that his attorney failed to investigate his case and that he pled guilty because his attorney gave him "the impression . . . that the judge would impose a lighter sentence."  Such uncorroborated allegations are not "extraordinary circumstances."  Rather, these are common—i.e., *ordinary*—claims made in PCR motions.

¶24.    The fact that the record on appeal does not contain a transcript of Jefferson's plea hearing is not, in and of itself, an extraordinary circumstance.  In *Chapman*, the Supreme Court held that the lack of a transcript of the prisoner's *trial*, his attorney's alleged failure

12

to file a direct appeal, and the complete "lack of a court record," were, in combination, "extraordinary circumstances" that warranted an evidentiary hearing despite the UPCCRA's successive-writ bar and statute of limitations. *Chapman*, 167 So. 3d at 1172-74 (¶¶6-12). There are no similar "extraordinary circumstances" in this case, which involves only a guilty plea and ordinary, uncorroborated allegations of ineffective assistance.[7]

¶25. I would affirm that the circuit court's holding that Jefferson's motion is barred by Mississippi Code Annotated section 99-39-23(6). Thus, I respectfully dissent.

**GREENLEE AND LAWRENCE, JJ., JOIN THIS OPINION.**

---

[7] To the extent that the majority believes that the record is inadequate to determine *whether* Jefferson can demonstrate "extraordinary circumstances," the majority could simply order the trial court to prepare the transcript or otherwise supplement the record. *See Brooks v. State*, 208 So. 3d 14, 17 (¶¶4-6) (Miss. Ct. App. 2017); M.R.A.P. 10(e). We should not declare the successive-writ bar inapplicable just because there is not much in the record.