# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CP-00874-COA

CHARLES JORDAN                                                        APPELLANT

v.

STATE OF MISSISSIPPI                                                   APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 04/19/2022 |
| TRIAL JUDGE: | HON. JAMES T. KITCHENS JR. |
| COURT FROM WHICH APPEALED: | OKTIBBEHA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CHARLES JORDAN (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ASHLEY LAUREN SULSER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 03/19/2024 |
| MOTION FOR REHEARING FILED: | |

## CONSOLIDATED WITH

## NO. 2022-CP-00877-COA

CHARLES JORDAN                                                        APPELLANT

v.

STATE OF MISSISSIPPI                                                   APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 08/04/2022 |
| TRIAL JUDGE: | JAMES T. KITCHENS JR. |
| COURT FROM WHICH APPEALED: | OKTIBBEHA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CHARLES JORDAN (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ASHLEY LAUREN SULSER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 03/19/2024 |
| MOTION FOR REHEARING FILED: | |

## CONSOLIDATED WITH

CHARLES JORDAN                                                    APPELLANT

v.

STATE OF MISSISSIPPI                                               APPELLEE

DATE OF JUDGMENT:              01/31/2022
TRIAL JUDGE:                   JAMES T. KITCHENS JR.
COURT FROM WHICH APPEALED:     OKTIBBEHA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        CHARLES JORDAN (PRO SE)
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                               BY: ASHLEY LAUREN SULSER
NATURE OF THE CASE:            CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                   AFFIRMED - 03/19/2024
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., McDONALD AND EMFINGER, JJ.**

**EMFINGER, J., FOR THE COURT:**

¶1.     On August 18, 2020, in the Circuit Court of Oktibbeha County, Mississippi, Charles

Jordan entered a guilty plea to exploitation of a child in violation of Mississippi Code

Annotated section 97-5-33(6) (Rev. 2014) and was sentenced to a term of twelve years in the

custody of the Mississippi Department of Corrections, with five years suspended and seven

years to serve. Jordan appeals three separate orders of the circuit court which deny Jordan's

motions for post-conviction collateral relief (PCR). These appeals have been consolidated

for our review and disposition.

## ANALYSIS

¶2.     Jordan filed his first PCR motion in circuit court on October 2, 2020. At Jordan's

request, this motion was dismissed with prejudice by a circuit court order entered on

November 12, 2020. Jordan had already filed a second PCR motion on November 6, 2020, to vacate his conviction alleging that his constitutional right to a speedy trial had been violated. The circuit court denied this second motion on November 17, 2020. Jordan filed a notice of appeal appealing only the circuit court's November 17, 2020 order. This appeal was docketed as Case Number 2020-CP-01327-COA. The appeal was dismissed due to Jordan's failure to file an appellant's brief.[1] These orders on November 12 and November 17 denying Jordan's efforts at obtaining PCR stand as a bar to all subsequent motions unless a statutory exception applies under Mississippi Code Annotated section 99-39-23(6) (Rev. 2020).

¶3.     On appeal, in Case Number 2023-TS-00072-COA on appeal, the January 31, 2022 order denying Jordan's PCR motions states that the circuit court was denying the motions as subsequent filings. The order specifically sets out the dates of the prior orders denying Jordan PCR: November 12, 2020; November 17, 2020; February 23, 2021; February 24, 2021; and November 16, 2021.  In Case Number 2022-CP-00874-COA on appeal, the April 19, 2022 order denied five separate motions for relief filed by Jordan as subsequent filings. In this order, the circuit court listed the January 31, 2022 order and all the prior orders cited. In Case Number 2022-CP-00877-COA on appeal, the circuit court's August 4, 2022 order[2] denied Jordan's PCR motion in which Jordan argued the trial judge should have recused himself from presiding over his trial, guilty plea, and post-conviction motions. The trial judge

---

[1] These records are referenced on the civil docket of the circuit court found in the present appellate record. Further, we can take judicial notice of the records from prior appeals. *See Kennedy v. State*, 287 So. 3d 258, 263 n.1 (Miss. Ct. App. 2019).

[2] The order was signed and file-stamped on August 2, 2022, but was not entered on the court's public docket until August 4, 2022.

dismissed this motion, finding it was without merit. While the order does not dismiss this motion as a subsequent PCR motion, clearly it was procedurally barred as well.

¶4. In *Grogan v. State*, 89 So. 3d 617, 622 (¶13) (Miss. Ct. App. 2011), this Court explained:

> Although there is no proof in the record to either support or deny the existence of [Grogan's] prior motion for post-conviction relief, the reference in [the trial court's] order is sufficient to take judicial notice of its existence and to rule that the successive motion was improper.

(Quoting *McGriggs v. State*, 877 So. 2d 447, 449 (¶6) (Miss. Ct. App. 2003)). Jordan's numerous PCR motions and the orders denying relief were all filed in the same civil cause number in the circuit clerk's office. The civil docket that is a part of our appellate record confirms the dates of these prior orders. Although we do not have all these motions and orders in the appellate record, we take judicial notice of the orders specifically identified in the trial court's orders, as well as the record in the appeal that was dismissed.

¶5. In *McConn v. State*, 355 So. 3d 779, 782-83 (¶9) (Miss. Ct. App. 2023), this Court stated:

> A circuit court may summarily dismiss a PCR motion "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." Miss. Code Ann. § 99-39-11(2) (Rev. 2020). The Mississippi Supreme Court has stated that summary "dismissal of a PCR motion is proper where it appears beyond a doubt that the [movant] can prove no set of facts in support of his claim which would entitle him to relief." *State v. Santiago*, 773 So. 2d 921, 924 (¶11) (Miss. 2000) (quotation marks omitted). "Our review of the summary dismissal of a PCR motion, a question of law, is de novo." *Nichols v. State*, 265 So. 3d 1239, 1241 (¶6) (Miss. Ct. App. 2018) (citing *Young v. State*, 731 So. 2d 1120, 1122 (¶9) (Miss. 1999)).

From our de novo review of the records, Jordan's motions for post-conviction collateral relief

were all clearly barred as subsequent PCR motions pursuant to section 99-39-23(6), and Jordan has produced no evidence or argument to support an exception to the bar.

## CONCLUSION

¶6.     The circuit court's orders denying relief in these cases are affirmed.

¶7.     **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR.**