936 So.2d 983 (2006)
Willie ROSS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-01799-COA.
Court of Appeals of Mississippi.
August 22, 2006.
*984 Willie Ross, Appellant, pro se.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before MYERS, P.J., IRVING and ROBERTS, JJ.
ROBERTS, J., for the Court.

FACTS
¶ 1. The Appellant, Willie Ross, was indicted on February 4, 2002, on the charges of burglary of a dwelling, burglary and larceny of a dwelling, and receiving stolen property. In May of the same year, Ross filed his petition to enter a guilty plea with the Circuit Court of Lowndes County agreeing to plead guilty to the first count if the State would drop the two other pending charges and recommend a sentence of twenty years. The day of Ross's plea hearing, the State filed a motion to amend the indictment to reflect Ross's habitual offender status as per Mississippi Code Annotated § 99-19-81 (Rev.2000). The State having introduced proof of Ross's previous convictions, the lower court granted said motion. Alterations in Ross's plea agreement were made, and authorized by Ross, to reflect his changed status and the required sentence of twenty-five years. As a result of this petition, Ross was sentenced to twenty five years as per Mississippi Code Annotated § 99-19-81 (Rev.2000) as a habitual offender. In Ross's petition to enter a guilty plea, he *985 unequivocally stated (1) his lawyer fully advised him of the charges against him, (2) his lawyer made no promises or threats in conjunction with his guilty plea, (3) he fully understood the Constitutional rights he waived as a result of his plea and that he did so knowingly, (4) that he understood he was to be sentenced as a habitual offender, (5) that the maximum sentence possible was twenty-five years, (7) that the district attorney would recommend a sentence of twenty-five years as well as drop two additional charges, and (6) that he committed the offense of burglary. Additionally, the transcript[1] of Ross's guilty plea hearing plainly shows that Ross knew of the consequences associated with a plea of guilty and, nonetheless, continued down that path.
¶ 2. Subsequent to his sentencing, Ross filed a request for records and transcripts on June 24, 2002, and February 12, 2004, both of which were denied, and on June 1, 2005, filed his pro se motion for post-conviction relief in the Circuit Court of Lowndes County. In its order dismissing Ross's motion, the lower court found that Ross was aware that his habitual offender status would be considered during sentencing and agreed to the twenty-five year sentence. Ross now appeals this decision pro se on the grounds that his plea was not freely and voluntarily given because the district attorney agreed to recommend a twenty year sentence, he was denied transcripts in his preparation of his post-conviction relief petition and that his attorney was ineffective. Finding no error, we affirm.

STANDARD OF REVIEW
¶ 3. A trial court's decision to deny a petition for post conviction relief should only be overturned if the trial court's decision was clearly erroneous. Kirksey v. State, 728 So.2d 565 (¶ 8) (Miss. 1999). However, the appropriate standard of review for questions of law is de novo. Rice v. State, 910 So.2d 1163 (¶ 4) (Miss.Ct. App.2005).

A Preliminary Matter
¶ 4. As with any appeal, it is solely the appellant's duty to ensure that the record is sufficiently populated to support the error claimed. Lyons v. State, 881 So.2d 373 (¶ 8) (Miss.Ct.App.2004). If the record is found lacking in this regard, the lower court's order must stand. Lyons, 881 So.2d at (¶ 8). In the case sub judice, the record originally contained Ross's post-conviction collateral relief petition, the order dismissing said petition, and Ross's notice of appeal. Nothing in the record either substantiates Ross's issues on appeal or casts doubt on the lower court's decision to dismiss. This is where most appeals would end with the decision of the lower court being affirmed, but as a result of Ross's pro se status an amount of leeway and understanding is granted because of his presumed lack of familiarity with the appeals process. Ford v. State, 708 So.2d 73(¶ 13) (Miss.1998). In situations such as this, where the appellant has made attempts to complete the record but has not taken the correct procedural steps, the motion should be reviewed in accordance with § 99-39-11(1)(Rev.2000) which states, in pertinent part, "[t]he original motion, together with all the files, records, transcripts and correspondence relating to the judgment under attack, shall be examined *986 promptly by the judge to whom it is assigned." Ford, 708 So.2d at (¶ 13) (quoting Miss.Code Ann. § 99-39-11(1) (Rev. 2000)). Subsequent to this review, the trial judge should determine if the motion can withstand summary dismissal under Mississippi Code Annotated § 99-39-11(2) (Rev.2000), and if so, the motion should be returned to the movant pursuant to Mississippi Code Annotated § 99-39-9(4) (Rev. 2000). Id.

ISSUES AND ANALYSIS

I. Whether the trial court erred in holding that Ross's guilty plea was freely entered with the knowledge that he would be sentenced as a habitual offender.
¶ 5. Ross argues that he was induced into pleading guilty with promises of a twenty year sentence, and never would have so pled if he had known he was to be charged as a habitual offender and sentenced to twenty-five years. While the initial recommendation was for twenty years, Ross's habitual offender status necessitated a twenty-five year sentence, and he was given every opportunity to withdraw his plea.
¶ 6. Determination of the voluntariness of a guilty plea depends on whether or not "the defendant knows what the elements are of the charge against him including an understanding of the charge and its relation to him, what effect the plea will have, and what the possible sentence might be because of his plea." Wilson v. State, 577 So.2d 394, 397 (Miss.1991). Specifically, the defendant must be told "that a guilty plea involves a waiver of the right to a trial by jury, the right to confront adverse witnesses, and the right to protection against self-incrimination." Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992) (quoting Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)).
¶ 7. In the case at hand, we find that the lower court's summary dismissal of Ross's post-conviction motion was appropriate. The trial court's order specifically found that Ross was fully aware of his habitual offender status as it affected his sentencing, as noted in Ross's notarized plea agreement and evident from his plea hearing transcript. Specifically, Ross's plea agreement states that he was fully aware of the consequences of his guilty plea, his habitual offender status, and that the prosecutor would recommend a twenty-five year sentence. Furthermore, the transcript of Ross's plea hearing evinces his understanding of his plea as a habitual offender and makes clear that said plea was given freely and voluntarily. Though the original plea agreement called for a recommendation of a twenty year sentence, Ross's habitual offender status precluded such a sentence as the maximum sentence of twenty-five years was the only option available to the lower court. Ross's understanding of this alteration, and subsequent agreement to it, is shown by the following,
Q. BY THE COURT: If he's an habitual offender he gets the maximum sentence and that is not to be reduced by any parole or early release or anything like that. He has to flat-time the sentence. I want everybody to understand that now. If he wants to change his plea now's the time.
A. ROSS'S ATTORNEY: Yes, sir.
Q. BY THE COURT: Talk to him and see what he wants to do and
A. ROSS'S ATTORNEY: Yes, sir. I need to talk to him.
Q. BY THE COURT:and take this. I can't sentence him to less that [sic] twenty-five.

*987 (Ross and his attorney leave the courtroom and a recess is had)
Q. BY THE COURT: Do you understand the only sentence that I can give you is twenty-five years in the Mississippi Department of Corrections as an [sic] habitual offender and a ten thousand dollar fine?
A. ROSS: Sir, yes, sir.
. . . .
Q. BY THE COURT: So you're pleading guilty to Count 1 of this indictment of your own free will and accord then. Is that right?
A. ROSS: Sir, yes, sir.
Additionally, the presiding judge at Ross's plea hearing, Judge Lee Howard, asked him if he was aware that by pleading guilty he was giving up several rights, to include his right to a jury trial, his right to confront witnesses, his right to protection against self-incrimination, and his right to an appeal. To all he answered, "Sir, yes, sir." Furthermore, in exchange for his guilty plea, the State, in addition to retiring the two other pending counts, namely burglary of a dwelling and possession of stolen property, also requested to retire pending charges of burglary of a dwelling and taking of a motor vehicle in Oktibebeha County and a charge of disposing of stolen property in Clay County. Ross's acquiescence to this side of the deal has not been contested.
¶ 8. We find that Ross's sworn signature on his plea agreement and testimony during his plea hearing show that his plea of guilty was voluntary and intelligently given, and, as such, we cannot say that the lower court's holding was clearly erroneous.

II. Whether denial of Ross's attempts for production of records was proper.
¶ 9. In accordance with the Mississippi Uniform Post-Conviction Collateral Relief Act, Mississippi Code Annotated §§ 99-39-1 et. seq (Rev.2000), a prisoner whose proper motion has survived summary dismissal pursuant to Mississippi Code Annotated § 99-39-11(2) (Rev.2000), may be entitled to transcripts or "other relevant documents under the discovery provisions of § 99-39-15," at the discretion of the trial judge and when good cause is shown. Kemp v. State, 904 So.2d 1137(¶ 11) (Miss.Ct.App.2004) (quoting Fleming v. State, 553 So.2d 505, 506 (Miss.1989)). Ross's attempts to gather copies of his records were denied based on Fleming by the lower court and again by the supreme court. As the lower court made no error in summarily dismissing Ross's Petition, as noted above, Ross has not met the initial burden of surviving dismissal as set out in Mississippi Code Annotated § 99-39-11(2) (Rev.2000), let alone providing a basis worthy of the trial court's discretion, that would entitle him to free copies of his records. Consequently, this issue is without merit.

III. Whether Ross's attorney provided ineffective assistance of counsel in allowing him to enter the plea bargain.
¶ 10. Prisoners alleging ineffective assistance of counsel in a post-conviction relief petition must show the elements of the claim with specificity and detail. Sandifer v. State, 799 So.2d 914 (¶ 12) (Miss.Ct.App.2001). Specifically, the prisoner must allege facts that show his counsel's performance was deficient, and that, but for those specific acts alleged, the result would have been different. Ford, 708 So.2d at (¶ 8). Furthermore, in the post-conviction relief arena, a prisoner's ineffective assistance of counsel claim is without merit when the only proof offered of said claim is the prisoner's own affidavit. *988 Buckhalter v. State, 912 So.2d 159(¶ 13) (Miss.Ct.App.2005).
¶ 11. In his brief, Ross argues that his attorney's performance was deficient in that he allowed Ross to enter a guilty plea to twenty years all the while knowing that the prosecutor planned to charge him as a habitual offender, thus requiring nothing less than the maximum sentence of twenty-five years. Secondly, Ross argues that his attorney was deficient because he did not confer with Ross concerning possible defenses to the prosecutor's clandestine plot. Lastly, Ross argues that his counsel was ineffective because he changed the plea from twenty years to twenty-five years in the plea agreement. Ross states that had it not been for these deficiencies he would have never pled guilty.
¶ 12. In direct contradiction to these claims of deficiency, Ross stated in his petition to enter a guilty plea that he was fully informed as to the charges against him, that he would be charged as a habitual offender, that he entered the guilty plea freely and voluntarily, that he believed his lawyer had done all anyone could do to counsel and assist him, and that he was satisfied with the help his attorney had given him. Additionally, while the petition to enter a guilty plea does contain a correction of the sentencing recommendation from twenty years to twenty-five years, the correction was approved by Ross as evinced by his initials. This approval was again shown by Ross's testimony in response to the lower court's questioning, quoted supra. Notwithstanding the admissions and concessions contained within Ross's petition and throughout his hearing, we must also note that he failed to offer any affidavits or additional proof in support his claim of ineffective assistance of counsel other than his own beliefs. Therefore, we find that the trial court's dismissal of Ross's motion was proper and, as such, we affirm.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.
NOTES
[1] By order dated May 18, 2006, this Court remanded this case to the Circuit Court of Lowndes County for the limited purpose of supplementing the record with all files of Ross's criminal case from which he seeks relief and the transcript of his guilty plea hearing.