CARLTON, J.,
for the Court.
¶ 1. On May 23, 2002, Willie Ross pleaded guilty to burglary of a building. Ross filed a motion for post-conviction relief on June 1, 2005, which the circuit court dismissed. On August 22, 2006, we affirmed the circuit court’s dismissal. Ross filed a second motion for post-conviction relief on September 10, 2007, which the circuit court dismissed finding that Ross’s motion was time-barred pursuant to Mississippi Code Annotated section 99-39-5(2) (Rev.2007) and that it did not fall under any exception enumerated in section 99-39-5(2) so as to toll the statute of limitations. Finding Ross’s second motion for post-conviction relief to be both time-barred and procedurally barred as a successive writ, we affirm the trial court’s dismissal.
FACTS AND PROCEDURAL HISTORY
¶ 2. On June 1, 2005, Ross filed his first pro se motion for post-conviction relief asserting that his guilty plea was not voluntary and that he received ineffective assistance of counsel. The trial court dismissed Ross’s motion for post-conviction relief finding that Ross knew that his habitual offender status would be considered during sentencing and that he had knowingly agreed to the twenty-five year sentence imposed upon him. Ross appealed the trial court’s dismissal. On August 22, 2006, in Ross v. State, 936 So.2d 983, 988(13) (Miss.Ct.App.2006), we affirmed the trial court’s dismissal.
¶ 3. On September 10, 2007, Ross filed his second motion for post-conviction relief claiming that his sentence was illegal pursuant to the Fifth and Fourteenth Amendments to the United States Constitution. On December 4, 2007, the trial court dismissed Ross’s second motion for post-conviction relief finding that it was time-barred and that it did not fall within any exception enumerated in section 99-39-5(2) so as to toll the statute of limitations.
¶ 4. Ross now appeals asserting the following three errors: (1) the court exceeded its authority in sentencing him as a habitual offender; (2) the habitual-offender portion of his sentence was illegal; and (3) the trial court failed to conduct an eviden-tiary hearing before dismissing Ross’s motion for post-conviction relief. Because we find Ross’s second motion for post-conviction relief to be time-barred and procedurally barred as a successive writ, we need not reach Ross’s issues on the merits.
DISCUSSION
I. Time-barred
¶ 5. A trial court’s dismissal of a motion for post-conviction relief will not be disturbed unless the trial court’s factual findings were clearly erroneous. Williams v. State, 872 So.2d 711, 712(¶2) (Miss.Ct.App.2004). Questions of law, however, are reviewed de novo. Id. (citation omitted).
¶ 6. In the case of a guilty plea, a motion for post-conviction relief must be filed within three years after entry of the judgment of conviction. Miss.Code Ann. § 99-39-5(2). Ross entered his guilty plea on May 23, 2002. Ross filed his second motion for post-conviction relief on September 10, 2007 — approximately five years after entry of his guilty plea.
¶ 7. Pursuant to section 99-39-5(2), certain exceptions may apply so as to toll the three-year statute of limitations. These exceptions are stated in section 99-39-5(2) as follows:
Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually ad *110 versely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.
¶ 8. Ross cites Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) as intervening decisions by the United States Supreme Court that support his argument that his constitutional rights were violated when he did not receive a jury trial to determine whether he was eligible for enhanced punishment under the state’s habitual-offender statute. However, Ross’s argument fails because he waived his right to a jury trial when he pleaded guilty to the charge of burglary as a habitual offender. See Thompson v. State, 990 So.2d 265, 268(4) (Miss.Ct.App.2008) (citing Boykin v. Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)).
¶ 9. A transcript of the arraignment and guilty plea reveals the following exchange among the trial court, Ross, and Ross’s attorney, Michael Farrow:
Trial court: Now on a plea of guilty to a charge of burglary of a dwelling I am required by law to sentence you to not less than three nor more than twenty-five years in the department of corrections ...; however, as [a] habitual offender which I have already adjudicated you to be, that is, you have two prior felony convictions ... I can only sentence you to the maximum sentence.... Do you understand that?
Ross: Sir, yes, sir.
[[Image here]]
Trial court: If he is [a] habitual offender[,] he gets the maximum sentence and that is not to be reduced by parole or early release or anything like that. He has to flat-time the sentence. I want everybody to understand that now. If he wants to change his plea[,] now’s the time.
Ross: Yes, sir.
Trial court: Talk to him now and see what he wants to do....
Farrow: Yes, sir. I need to talk to him.
[[Image here]]
Trial court: Do you understand that the only sentence I can give you is twenty-five years in the [MDOC] as [a] habitual offender ... ?
Ross: Sir, yes, sir.
¶ 10. In sum, from the record before us, we find that none of the statutory exceptions under section 99-39-5(2) apply to Ross’s case. Therefore, we find that Ross’s second motion for post-conviction relief is time-barred pursuant to section 99-39-5(2).
II. Successive-writ Bar
¶ 11. We also find that Ross’s second motion for post-conviction relief is procedurally barred as a successive writ. The relevant code section on successive attempts to obtain post-conviction relief reads in part: “The dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this article.” Miss.Code Ann. § 99-39-27(9) (Rev.2007). The exceptions to the final-judgment rule *111 are stated in section 99-39-27(9) as follows:
Likewise excepted from this prohibition are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence.
¶ 12. We find that none of the statutory exceptions under section 99-39-27(9) apply to Ross’s case. Therefore, we find that Ross’s second motion for post-conviction relief is procedurally barred as a successive -writ.
¶ 13. Because we find Ross’s second motion for post-conviction relief is time-barred and successive, we affirm the trial court’s dismissal of Ross’s second motion for post-conviction relief.
¶ 14. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. MAXWELL, J., NOT PARTICIPATING.