CARLTON, J.,
for the Court:
¶ 1. Willie Joe Ross appeals the trial court’s denial of his motion for post-conviction relief (PCR) as time-barred pursuant to Mississippi Code Annotated section 99-39-5 (Supp.2011). Ross raises the following assignments of error: whether (1) his claim of an illegal sentence is excepted from the time bar; (2) the trial court lacked jurisdiction to accept his guilty plea without an indictment from the grand jury on the charge of grand larceny; and (3) he improperly pleaded guilty to the charges in the multi-count indictment because the *1081 larceny charge merged with the burglary charge causing burglary to be the actual charge. Finding that Ross untimely filed his PCR motion, we affirm the trial court’s denial of the PCR motion filed by Ross.
FACTS
¶ 2. On February 1,1999, the grand jury before the Lowndes County Circuit Court indicted Ross for three counts of burglary and larceny of a dwelling and one count of attempted burglary of a dwelling. On September 5, 2000, Ross entered a guilty plea to one count of burglary of a dwelling (count one) and to one count of grand larceny (count two). In exchange for Ross’s guilty pleas in counts one and two, counts three and four were retired to the files. The trial court sentenced Ross to ten years for the crime of burglary (count one) and to a concurrent term of five years for the crime of grand larceny (count two), both in the custody of the Mississippi Department of Corrections (MDOC). In addition, the trial court recommended that Ross participate in the Regimented Discipline Program (RID) and retained jurisdiction of the case until re-sentencing pending Ross’s successful completion of the program.
¶ 3. Ross completed RID, and on August 21, 2001, the trial court entered an order which suspended the execution of the previously imposed sentences and placed Ross on probation for a period of five years. Subsequently, on May 23, 2002, Ross’s probation was revoked because he violated the probation terms. The trial court ordered Ross to return to the custody of the MDOC to serve five years for his burglary conviction in count one and five years for his grand larceny conviction in count two, with the sentences to run concurrently.[1]
¶ 4. On August 12, 2010, Ross filed a “Petition to Vacate Illegal Sentence,” which the trial court treated as a PCR motion. On September 1, 2010, the trial court entered an order denying Ross’s PCR motion as time-barred pursuant to section 99-39-5.[2] Aggrieved, Ross appeals.
STANDARD OF REVIEW
¶ 5. The standard of review in cases involving the trial court’s denial of a PCR motion is well established: “When reviewing a lower court’s decision to deny a petition for post-conviction relief, an appellate court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. However, where questions of law are raised, the applicable standard of review is de novo.” Holloway v. State, 31 So.3d 656, 657 (¶ 5) (Miss.Ct.App. 2010) (citation omitted).
DISCUSSION
¶ 6. The trial court found that Ross filed his PCR motion outside of the three-year statute of limitations as provided for in Mississippi Code Annotated section 99-39-5; thus, it was time-barred. We agree. According to section 99-39-5(2), a PCR motion following a guilty plea shall be *1082 made “within three (3) years after entry of the judgment of conviction.” Here, Ross pleaded guilty on September 5, 2000. Ross filed his “Petition to Vacate Illegal Sentence,” which the trial court properly treated as a PCR motion, on August 12, 2010, well past the three-year statute of limitations. “Section 99-39-5(2) provides for some exceptions to the statute of limitations, such as those cases where there has been an intervening state or federal supreme court decision that would adversely affect the outcome of the conviction, new evidence not reasonably available at the time of trial which would cause a different result in conviction, or an expired sentence.” Chandler v. State, 44 So.3d 442, 443 (¶ 6) (Miss.Ct.App.2010). In this case, the trial court found no such exceptions apply, and we agree.
¶ 7. Ross, however, argues that the filing of his PCR motion is excepted from the time bar because a fundamental constitutional right is at stake. Specifically, Ross asserts that his convictions and sentences are illegal because the trial court lacked jurisdiction to accept his guilty plea without an indictment from the grand jury on the charge of grand larceny.[3] Ross also claims that he improperly pleaded guilty to the charges in the multi-count indictment because the larceny charge merged with the burglary charge causing burglary to be the actual charge.[4] Lastly, Ross claims he pleaded guilty to what he assumed was burglary; however, he was sentenced for the crime of grand larceny.
¶ 8. “It is true that the statute of limitations does not apply to ‘errors affecting fundamental constitutional rights.’ ” Chandler, 44 So.3d at 444 (¶ 8) (citation omitted). However, “the mere assertion of a constitutional right violation is not sufficient to overcome the time bar. There must at least appear to be some basis for the truth of the claim before the limitation period will be waived.” Id. (quoting Stovall v. State, 873 So.2d 1056, 1058 (¶ 7) (Miss.Ct.App.2004)).
¶ 9. We find no merit to Ross’s claims that he received an illegal sentence. As stated previously, Ross was indicted on three counts of burglary and larceny of a dwelling and one count of attempted burglary of a dwelling. Ross subsequently entered two separate guilty pleas, one count of burglary of a dwelling and one count of grand larceny. The trial court’s sentencing orders show that Ross’s guilty pleas were accepted by the trial court after the court had satisfied itself by interrogation of the defendant that his pleas of guilty were freely and voluntarily given and that he understood the consequences of his pleas. The trial court further noted that Ross fully understood the nature of the charges against him and admitted the commission of the offenses. Moreover, we recognize that the Mississippi Supreme Court in Jefferson v. State, 556 So.2d 1016 (Miss.1989), previously found that a defendant, who was originally indicted for burglary, waived his right to be indicted for grand larceny, to which he pleaded guilty, where the defendant was properly indicted *1083 for the crime of burglary under the jurisdiction of the trial court and voluntarily entered a guilty plea to grand larceny. See Young v. State, 797 So.2d 239, 242-44 (¶¶ 4-9) (Miss.Ct.App.2001). Thus, Ross waived his claimed deficiency with the indictment when he pleaded guilty to grand larceny in count two of the indictment.
¶ 10. Accordingly, we find that none of the statutory exceptions under section 99-39-5(2) apply to Ross’s case. We further find that nothing contained in Ross’s PCR motion moved it beyond the procedural bar of section 99-39-5(2). The trial court did not err in denying Ross’s PCR motion as time-barred.
¶11. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, RUSSELL AND FAIR, JJ„ CONCUR.

. Ross is currently serving a twenty-five year sentence in the custody of the MDOC for a subsequent conviction for burglary. He has filed two PCR motions based on that conviction, which the trial court dismissed. Both dismissals were subsequently affirmed by the Mississippi Court of Appeals. See Ross v. State, 19 So.3d 108 (Miss.Ct.App.2009); Ross v. State, 936 So.2d 983 (Miss.Ct.App.2006).

. The trial court’s order denying Ross’s PCR motion states that Ross entered his guilty pleas and was sentenced on May 23, 2002. However, the record includes the trial court's sentencing orders which show that the guilty pleas were entered on September 5, 2000. Thus, for purposes of this appeal, we have used September 5, 2000, as the date Ross entered his guilty pleas and was sentenced.

. In support of his argument, Ross points to Box v. State, 241 So.2d 158 (Miss.1970). Box, however, has been overruled by Jefferson v. State, 556 So.2d 1016, 1021 (Miss.1989).

. Ross cites Newburn v. State, 205 So.2d 260, 264 (Miss.1967) for the proposition that, ("[T]wo crimes may be charged in [a] burglary indictment in a single count where, in fact, two crimes have been committed. If, however, burglary and larceny are charged in one count in an indictment as two distinct crimes, the crime of larceny is merged in burglary in the sense that the accused, if found guilty, can be sentenced for burglary though not for larceny; but if acquitted of burglary, he may be convicted and sentenced for the larceny.”) (internal citation omitted).