CARLTON, J.,
for the Court:
¶ 1. Willie Ross appeals the Lowndes County Circuit Court’s dismissal of his motion for post-conviction relief (PCR).[1] Ross argues that the trial court erred by: (1) allowing the State to amend the indictment against him after he had entered a plea agreement with the State and during his plea hearing; (2) failing to hold a separate bifurcated trial after he entered his guilty plea prior to sentencing him as a habitual offender; and (3) failing to ad *1121 dress both of the issues presented in his PCR motion and to acknowledge the intervening decisions presented.[2] Finding Ross’s PCR motion to be both time-barred and procedurally barred as a successive writ, we affirm the trial court’s dismissal.
FACTS
¶ 2. A grand jury before the Lowndes County Circuit Court indicted Ross on February 4, 2002, for two counts of burglary of a dwelling under Mississippi Code Annotated section 97-17-23 (Supp.2012) and one count of receiving stolen property under Mississippi Code Annotated section 97-17-70 (Supp.2012). On May 22, 2002, Ross filed his petition to enter a guilty plea, agreeing to plead guilty to one count of burglary of a dwelling if the State agreed to drop the two other pending charges and recommend a sentence of twenty years. The next day, the same day as Ross’s plea hearing, the State filed a motion to amend the indictment to reflect Ross’s habitual-offender status under Mississippi Code Annotated section 99-19-81 (Rev.2007). At the start of Ross’s plea hearing, the trial court granted the State’s motion. Ross then entered his guilty plea. Alterations to Ross’s plea petition were made, and authorized by Ross, to reflect his changed status and the required sentence of twenty-five years. The trial court sentenced Ross as a habitual offender to twenty-five years in the custody of the Mississippi Department of Corrections.
¶ 3. On June 1, 2005, Ross filed a PCR motion asserting that he entered an involuntary guilty plea because the district attorney agreed to recommend a twenty-year sentence, but the trial court imposed a twenty-five-year sentence; he was denied transcripts in his preparation of his PCR motion; and that he received ineffective assistance of counsel. The trial court dismissed Ross’s PCR motion finding that Ross knew that his habitual-offender status would be considered during sentencing and that he agreed to the twenty-five-year sentence imposed upon him. Ross appealed the trial court’s dismissal, and on August 22, 2006, in Ross v. State, 936 So.2d 983, 988 (¶ 13) (Miss.Ct.App.2006), we affirmed the dismissal by the trial court.
¶ 4. On September 10, 2007, Ross filed a second PCR motion claiming that his sentence was illegal pursuant to the Fifth and Fourteenth Amendments to the United States Constitution. On December 4, 2007, the trial court dismissed Ross’s second PCR motion finding it time-barred under Mississippi Code Annotated section 99-39-5(2) (Supp.2012) and that it failed to fall under any exception enumerated in section 99-39-5(2) so as to toll the statute of limitations. Ross appealed the trial court’s dismissal of his second PCR motion asserting that: (1) the court exceeded its authority in sentencing him as a habitual offender; (2) the habitual-offender portion of his sentence was illegal; and (3) the court failed to conduct an evidentiary hearing before dismissing Ross’s PCR motion. On March 24, 2009, we affirmed the trial court’s dismissal, finding Ross’s second PCR motion to be both time-barred and procedurally barred as a successive writ.
¶ 5. On January 24, 2012, Ross filed the present PCR motion. The trial court dismissed the motion as time-barred.
¶ 6. Ross appeals to this Court.
*1122 STANDARD OF REVIEW
¶ 7. When reviewing a trial court’s decision to dismiss a PCR motion, this Court will not disturb the trial court’s factual findings unless found to be clearly erroneous. Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004). This Court employs a de novo review when reviewing questions of law. Id.
DISCUSSION
¶8. The Uniform Post-Conviction Collateral Relief Act (UPCCRA) bars PCR motions from our review if the movant has filed a previous PCR motion. Miss.Code Ann. § 99-39-23(6) (Supp.2012). Additionally, under the UPCCRA, a three-year limitations period applies to claims for relief. Miss.Code Ann. § 99-39-5(2). Because Ross challenges a 2002 conviction, his January 24, 2012 PCR motion falls well outside of the three-year statute of limitations. This is also Ross’s third attempt for post-conviction relief. As such, his PCR motion is both time-barred and successive-writ barred unless he can show an exception to these procedural bars. See White v. State, 59 So.3d 633, 635 (¶ 8) (Miss.Ct. App.2011).
¶ 9. There are three statutory exceptions to the three-year limitations period and the successive-writ bar. To be exempted from these bars, a PCR movant must show one of the following: (1) an intervening decision of the United States Supreme Court or the Mississippi Supreme Court adversely affecting the outcome of his conviction or sentence; (2) new evidence, not reasonably discoverable at trial, which would have caused a different result in the conviction or sentence; or (3) that either his sentence has expired or his parole, probation, or conditional release has been unlawfully revoked. Miss.Code Ann. §§ 99 — 39—5(2)(a)—(b), 99-39-23(6).
¶ 10. In his most recent PCR motion, Ross argues that the trial court erred in allowing the indictment to be amended after he had entered into a plea agreement with the State to reflect his habitual-offender status. Ross also asserts that the trial court erred by failing to submit his habitual offender status to a grand jury. Ross alleges that he received an illegal sentence because the trial court failed to hold a separate bifurcated trial after he entered his guilty plea and prior to imposing his sentence as a habitual offender.
¶ 11. Ross raises nothing and relies on his own bare allegations in his most recent motion to overcome the successive-writ bar or the time-bar. Ross cites to Gowdy v. State, 56 So.3d 540, 544-46 (¶¶ 14-22) (Miss.2010), as an intervening decision by the Mississippi Supreme Court that supports his argument that he suffered a violation of his constitutional rights when the trial court granted the State’s motion to amend his indictment to charge him as a habitual offender. Rule 7.09 provides:
All indictments may be amended as to form but not as to the substance of the offense charged. Indictments may also be amended to charge the defendant as [a] habitual offender or to elevate the level of the offense where the offense is one which is subject to enhanced punishment for subsequent offenses and the amendment is to assert prior offenses justifying such enhancement.... Amendment shall be allowed only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised.
As noted by the supreme court in Gowdy, Rule 7.09 fails to mention the timing of the amendment to an indictment but only states that the defendant must be provided a fair chance to present a defense and not be unfairly surprised. Gowdy, 56 So.3d at *1123 545 (¶ 16). “This means that the defendant must be afforded due process of law and be given fair notice of ‘the nature and cause of the accusation.” Id.; see also Newberry v. State, 85 So.3d 884, 889 (¶ 10) (Miss.Ct.App.2011). Moreover, “[a] trial court is within its power to allow amendments to indictments to include language reflecting an accused’s status as a habitual offender without grand jury action upon proper motion by the State.” Shumaker v. State, 956 So.2d 1078, 1087 (¶ 24) (Miss.Ct.App.2007).
¶ 12. In the case at bar, on May 22, 2002, Ross filed a petition to enter a guilty plea to the crime of burglary of a dwelling. The next day, Ross’s guilty-plea hearing commenced. At the beginning of the hearing, the State informed the trial court that it had filed a motion to amend the indictment to reflect Ross’s habitual-offender status. The State provided evidence of Ross’s prior convictions of burglary of a dwelling and grand larceny. Ross’s defense counsel raised no objection and stated that she had seen both of Ross’s previous convictions during revocation proceedings.[3] Defense counsel offered no evidence in opposition to the State’s motion to amend the indictment. The trial court notified the parties of its requirement to sentence Ross as a habitual offender to the twenty-five-year maximum term. The trial court explained that the State’s previous twenty-year recommendation, as stated in the plea agreement, was void, and that Ross must serve all of his twenty-five-year sentence. The trial court then granted a recess to provide Ross an opportunity to confer with his attorney and decide whether to change his guilty plea. Following tile recess, Ross decided to continue with his guilty plea, even as a habitual offender. As a result of granting the State’s motion to amend the indictment, the State’s recommendation of twenty years shown on the May 22, 2002 guilty-plea petition was changed to a twenty-five-year sentence to reflect the mandatory maximum sentence as a habitual offender.
¶ 13. Ross argues that the trial court erred when it allowed the State to amend the indictment against him after he entered into a plea agreement with the State. Ross correctly states that the Gowdy court found that the amendment to Gowdas indictment to show habitual-offender status constituted an unfair surprise because it occurred two months after Gowdy’s conviction. Nevertheless, we find Gowdy distinguishable from the case at bar.
¶ 14. In Gowdy, the defendant received no notice of the State’s intent to amend the indictment until after being convicted. Gowdy, 56 So.3d at 542 (¶ 5). The indictment was amended two months after conviction. Id. In contrast, Ross received sufficient notice of the State’s intent to seek habitual-offender status before he pled guilty.[4] Accordingly, the trial court amended the indictment prior to acceptance of Ross’s guilty plea. Furthermore, in Gowdy, one of the reasons provided by the court for finding the amendment improper was that “before a defendant can plead guilty, the trial court has a duty to ensure that he understands the nature and consequences of the plea, and the maximum and minimum penalties provided by law.” Id. at 546 (¶ 21) (citation and quotation marks omitted). In Ross’s case, the *1124 trial court provided Ross the opportunity to confer with his attorney to discuss the consequences of pleading guilty as a habitual offender prior to accepting his guilty plea. After conferring with his attorney, Ross still decided to enter a guilty plea.
¶ 15. Furthermore, in Ross, this Court determined that Ross had entered a knowing and voluntary guilty plea. See Ross, 936 So.2d at 986-87 (¶ 7). The Ross Court ultimately found the trial court’s summary dismissal of Ross’s PCR motion to be appropriate, specifically noting:
The trial court’s order specifically found that Ross was fully aware of his habitual offender status as it affected his sentencing, as noted in Ross’s notarized plea agreement and evident from his plea hearing transcript. Specifically, Ross’s plea agreement states that he was fully aware of the consequences of his guilty plea, his habitual offender status, and that the prosecutor would recommend a twenty-five year sentence. Furthermore, the transcript of Ross’s plea hearing evinces his understanding of his plea as a habitual offender and makes clear that said plea was given freely and voluntarily. Though the original plea agreement called for a recommendation of a twenty year sentence, Ross’s habitual offender status precluded such a sentence as the maximum sentence of twenty-five years was the only option available to the lower court.
Ross, 936 So.2d at 986 (¶ 7).
¶ 16. Ross argues that the trial court erred by failing to submit his habitual-offender status to a grand jury. However, this Court has held that a trial court may amend an indictment to include an accused’s habitual-offender status without grand-jury action upon proper motion by the State. Shumaker, 956 So.2d at 1087 (¶ 24) (citing URCCC 7.09; Owens v. State, 869 So.2d 1047, 1050 (¶ 14) (Miss.Ct.App.2004)). As noted above, the State raised a proper motion to amend Ross’s indictment prior to the trial court’s acceptance of Ross’s guilty plea. Therefore, we find that the trial court did not err in allowing the indictment to be amended to show Ross’s habitual-offender status. We cannot say that Ross was unfairly surprised or prejudiced in his defense by the State’s motion to amend the indictment.
¶ 17. Next, we address Ross’s argument that the trial court erred when it failed to hold a bifurcated hearing. Ross alleges that after he entered his guilty plea, the trial court erred by closing his case without holding a bifurcated trial to provide him a chance to “object, present evidence^] and subpoena witnesses in support of his defense.” Under Rule 11.03 of the Uniform Rules of Circuit and County Court, “[i]f the defendant ... enters a plea of guilty on the principal charge, a hearing before the court without a jury will then be conducted on the previous convictions.” This hearing must occur before the defendant can be adjudged a habitual offender. Hudson v. State, 891 So.2d 260, 262 (¶ 6) (Miss.Ct.App.2004). However, “a petitioner’s status as [a] habitual offender can be established at the entry of a guilty plea, making it unnecessary to have a separate bifurcated hearing [.]” Id. (emphasis added) (citing Keyes v. State, 549 So.2d 949, 951 (Miss.1989)).
¶ 18. Similar to Ross, on appeal from the denial of his PCR motion, Hudson argued that he received an illegal sentence because the trial court sentenced him as a habitual offender without holding a bifurcated hearing as required under Rule 11.03. Hudson, 891 So.2d at 261 (¶ 1). The Hudson Court found that the trial court informed Hudson that he was being “adjudged and sentenced as [a] habitual offender.” Id. at 263 (¶ 8). Additionally, the Hudson Court noted that Hudson pos *1125 sessed ample opportunity to contest his habitual-offender status but chose instead to acknowledge it. Id. Thus, Hudson failed to show that he received an illegal sentence and that he was denied a fundamental right. Id.
¶ 19. Similar to Hudson, in this case, the trial court informed Ross of his previous convictions during his plea hearing. The State provided the trial court with evidence of Ross’s previous convictions of burglary of a dwelling and grand larceny. Defense counsel indicated that she had seen both of the previous convictions during Ross’s revocation proceedings. The trial court informed Ross that he was being adjudged and sentenced as a habitual criminal. The trial court also asked Ross, “Do you understand the only sentence that I can give you is twenty-five (25) years in the Mississippi Department of Corrections as [a] habitual offender[?],” to which Ross replied in the affirmative. Ross failed to object to his sentence as a habitual offender. Therefore, we find that the trial court did not impose an illegal sentence, since we deem a separate bifurcated trial unnecessary.
¶20. As to Ross’s argument that Rowland qualifies as an intervening decision that acts to circumvent the procedural bars, we likewise find no merit. Ross correctly notes that the supreme court in Rowland v. State, 42 So.3d 503, 507 (¶ 12) (Miss.2010), found that errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA. Ross alleges that the trial court failed to address his habitual-offender-status and bifurcated-trial issues, errors that affected his fundamental rights. However, as dictated in our findings above, the trial court committed no errors affecting Ross’s fundamental constitutional rights. Therefore, the holding in Rowland fails to adversely affect the outcome of Ross’s conviction or sentence.
CONCLUSION
¶ 21. Since no support exists for Ross’s claimed exceptions to the several procedural bars, we affirm the trial court’s dismissal.
¶ 22. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. This court has addressed Ross's prior claims as to this conviction and sentence in Ross v. State, 19 So.3d 108 (Miss.Ct.App.2009), and in Ross v. State, 936 So.2d 983 (Miss.Ct.App.2006). We have also addressed Ross's claims as to an unrelated conviction in Ross v. State, 87 So.3d 1080 (Miss.Ct.App.2012).

. While not delineated as an issue in his appellate brief, in his reply brief, Ross argues that he was denied the right to confrontation when receiving his sentence as a habitual offender at his plea hearing. Ross failed to raise this issue in his PCR motion before the trial court; thus, the issue is procedurally barred from our review. Smith v. State, 75 So.3d 82, 83 (¶ 5) (Miss.Ct.App.2011).

. Specifically, defense counsel stated, “I’ve seen both of them in his revocation. He’s got a revocation pending on those.’’

. See Ross, 936 So.2d at 987 (¶ 7) (affirming the trial court’s dismissal of Ross's PCR motion after noting that the trial court’s order specifically found that Ross was fully aware of his habitual-offender status as it affected his sentencing).