IRVING, P.J.,
for the Court:
¶ 1. In this appeal, Bobby Leonard Gray, proceeding pro se, asks this Court to decide whether the Circuit Court of Wayne County erred in denying and dismissing his motion for post-conviction relief (PCR), wherein he argued that (1) he received an illegal sentence; and (2) the allegedly illegal sentence excepts his PCR motion from the three-year statute of limitations found in Mississippi Code Annotated section 99-39-5(2) (Supp.2014).
¶ 2. Finding that Gray did not receive an illegal sentence and that his PCR motion is time-barred, we affirm the judgment of the circuit court.
FACTS
¶ 3. Nearly three weeks after Gray’s indictment for the sale of cocaine, the State filed a motion to amend the indictment to enhance his sentence under Mississippi Code Annotated section 41-29-147 (Rev. 2013) and to charge him as a habitual offender under Mississippi Code Annotated section 99-19-81 (Supp.2014). The circuit court granted the motion. On July 9, 1998, after a jury conviction, the circuit court sentenced Gray, as a subsequent drug offender and habitual offender, to a term of sixty years in the custody of the Mississippi Department of Corrections. More than three years after his conviction and sentence, Gray filed his PCR motion. The basis of this appeal is the circuit court’s denial and dismissal of that motion.
DISCUSSION
¶ 4. “When reviewing a trial court’s denial or dismissal of a PCR motion, we will only disturb the trial court’s factual findings if they are clearly erroneous; however, we review the trial court’s legal conclusions under a de novo standard of review.” Purnell v. State, 126 So.3d 949, 951 (¶ 4) (Miss.Ct.App.2013) (quoting Hughes v. State, 106 So.3d 836, 838 (¶ 4) (Miss.Ct.App.2012)).
¶ 5. On appeal, Gray argues that he did not receive adequate notice of the State’s intent to enhance his sentence under section 41-29-147. According to Gray, the alleged lack of adequate notice renders the enhanced portion of his sentence illegal, and the allegedly illegal sentence excepts his PCR motion from section 99-39-5(2). In response, the State argues that the indictment was properly amended and that Gray did not receive an illegal sentence.
¶ 6. Rule 7.09 of the Uniform Rules of Circuit and County Court Practice, which governs amendments to indictments, provides:
All indictments may be amended as to form but not as to the substance of the offense charged. Indictments may also be amended to charge the defendant as an habitual offender or to elevate the level of the offense where the offense is one which is subject to enhanced punishment for subsequent offenses and the amendment is to assert prior offenses justifying such enhancement.... Amendment shall be allowed only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised.
¶ 7. In this case, Gray was indicted for the sale of cocaine on January 6,1998. On January 23, 1998, the State filed its motion to amend the indictment, stating:
The State desires to add the following words ... on the face of the original indictment:
This defendant, eighteen .., years of age or over or having been certified as an adult, having been previously convicted of at least two ... felony offenses arising out of separate transactions and separate occurrences, and *1067 having been sentenced to serve at least one ... year with a state or federal penal institution, the State is seeking sentencing pursuant to ... [s]ection 99-19-81....
This defendant having been previously convicted under the Mississippi Uniform [Controlled Substance Act, the State is seeking enhanced sentencing pursuant to ... [s]ection 41-29-147.
¶ 8. The State filed the motion only seventeen days after the original indictment was filed and more than five months before trial. The motion contained sufficient language to provide Gray with notice of the State’s intent to enhance his sentence, and there is no evidence that the amendment to the indictment prejudiced his defense. This issue is without merit. Having concluded that Gray did not receive an illegal sentence, we find that his PCR motion is not excepted from section 99-39-5(2).
¶9. Gray filed his PCR motion more than sixteen years after his conviction. While “[i]t is true that the ... statute of limitations [found in section 99-39-5(2)] does not apply to ‘errors affecting fundamental constitutional rightsf,]’ ... the mere assertion of a constitutional[-]right violation is not sufficient to overcome the time bar.” Ross v. State, 87 So.3d 1080, 1082 (¶ 8) (Miss.Ct.App.2012) (citations omitted). “There must at least appear to be some basis for the truth of the claim before the limitation period will be waived.” Id. (citation omitted). As discussed, in this case, there is no basis for the truth of Gray’s claim that he received an illegal sentence. Therefore, his PCR motion is time-barred. We, therefore, affirm the judgment of the circuit court.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF WAYNE COUNTY DENYING AND DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WAYNE COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, MAXWELL, FAIR, JAMES AND WILSON, JJ., CONCUR.