# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-00893-COA

EARNIE WHITE A/K/A EARNEST WHITE                    APPELLANT
A/K/A ERNIE WHITE A/K/A EARNEST DOYLE
WHITE A/K/A EARNEST D. WHITE

v.

STATE OF MISSISSIPPI                                APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/14/2015 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EARNIE WHITE (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED MOTION FOR POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 11/15/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., JAMES AND GREENLEE, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.    In this appeal, we must decide whether the Circuit Court of Lowndes County erred

in dismissing Earnest White's motion for postconviction relief (PCR).

### FACTS AND PROCEDURAL HISTORY

¶2.    In October 2011, a grand jury indicted White on one count of manufacture of

methamphetamine in violation of Mississippi Code Annotated section 41-29-139 (Supp.

2016).

¶3.    On August 20, 2012, the State filed a motion to amend White's indictment to include

an alias. The State also filed a motion to amend White's indictment to charge him as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2015), and as a second or subsequent offender under Mississippi Code Annotated section 41-29-147 (Rev. 2013). Subsequently, the circuit court entered an order amending the indictment to reflect White's alias.

¶4. On August 28, 2012, White's trial began. At some point during the proceedings, White indicated that he wished to plead guilty, and an agreed plea was reached with the State. According to the guilty-plea petition, White agreed to plead guilty to the lesser-included offense of possession of methamphetamine in an amount greater than .1 but less than 2 grams, and the State agreed to recommend a sentence of eight years as a habitual offender.

¶5. Prior to accepting White's plea, the circuit court questioned White about his prior convictions. White admitted that he had two prior felony convictions: burglary of a commercial building[1] and sale of cocaine. And White stated that he wished to plead guilty as a habitual offender.

¶6. During the sentencing phase of the hearing, the State introduced evidence of White's prior convictions. The circuit court found that the indictment should have been amended to reflect White's habitual-offender status, and no objection was made. According to the circuit court, "due to an unknown error, no order was entered to reflect the [c]ourt's finding on the amendment to [White's] indictment." However, the circuit court entered a sentencing order, which stated: "Whereupon, a hearing was held . . . to determine the status of [White] as [a]

---

[1] Although White stated that he had been convicted of burglary of a commercial building, he had actually pleaded guilty to a reduced charge of grand larceny.

habitual offender; and the [c]ourt having considered same finds that [White] is [a] habitual offender within the meaning of [s]ection 99-19-81 . . . ."

¶7.     White was sentenced, as a habitual offender, to eight years in the custody of the Mississippi Department of Corrections (MDOC), without eligibility for parole or probation. White was also ordered to pay a fine of $50,000.

¶8.     White filed a PCR motion challenging, among other things, whether he was properly sentenced as a habitual offender and whether he received effective assistance of counsel. After a hearing, the circuit court dismissed White's motion. White appeals.

## STANDARD OF REVIEW

¶9.     When reviewing a dismissal of a PCR motion, this Court will not disturb a circuit court's factual findings unless such findings were clearly erroneous. *Brown v. State*, 731 So. 2d 595, 598 (¶6) (Miss. 1999). However, we review questions of law de novo. *Id.*

## DISCUSSION

### I.     Habitual-Offender Status

¶10.    White claims: (1) he was not indicted as a habitual offender, and therefore, the circuit court lacked jurisdiction; (2) the State did not seek to amend the indictment to charge him as a habitual offender; (3) he did not receive adequate notice that he was being charged as a habitual offender; (4) the State did not offer evidence that he was a habitual offender; and (5) the circuit court erred by failing to conduct a hearing to establish his habitual-offender status.

¶11.    Uniform Rule of Circuit and County Court 7.09 provides:

All indictments may be amended as to form but not as to the substance of the offense charged. **Indictments may also be amended to charge the defendant as [a] habitual offender** or to elevate the level of the offense where the offense is one which is subject to enhanced punishment for subsequent offenses and the amendment is to assert prior offenses justifying such enhancement . . . . **Amendment shall be allowed only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised.**

(Emphasis added).

¶12.    White's initial indictment did not charge him as a habitual offender. However, one week prior to trial, the State filed a motion to amend the indictment "so as to charge [White] as a [h]abitual [o]ffender as defined by [s]ection 99-19-81 . . . ." Accordingly, White's first three claims are without merit.

¶13.    We pause to note that an order reflecting the amendment to the indictment was not entered into the record as required by Mississippi Code Annotated section 99-17-15 (Rev. 2015). However, White failed to object to the absence of an order. Our supreme court has stated: "The State is required to make sure that such an order appears in the record and the defense is required to object to the absence of such order if it wishes to preserve this point for appeal." *Reed v. State*, 506 So. 2d 277, 279 (Miss. 1987).

¶14.    White's claim that the State did not offer evidence that he was a habitual offender is also without merit. White admitted, and the State further established, that White had been twice previously convicted of separate felonies and sentenced to separate terms of one year or more.

> COURT:    You have a prior 1994 conviction for burglary of a commercial building?

4

WHITE: Yes, sir.

. . . .

COURT: You also have a prior felony conviction for sale of cocaine in 2003 . . . ?

WHITE: Yes, sir.

. . . .

STATE: In addition to [White's] own admission before this [c]ourt that he is twice prior convicted, the State would offer into evidence two certified copies of sentencing orders from this court; one from the August 1994 term where [White] pled guilty to the charge of grand larceny and was sentenced to a term of years in the custody of the [MDOC]. And one from the February 2005 term of this court where this defendant indicted as [White] pled guilty to the charge of sale of cocaine and was sentenced to serve a term of years in the custody of the [MDOC].

¶15. Finally, White's claim that the circuit court erred by failing to conduct a hearing to establish his habitual-offender status is without merit. This Court has stated that "a petitioner's status as a habitual offender can be established at the entry of a guilty plea[.]" *Ross v. State*, 119 So. 3d 1119, 1124 (¶17) (Miss. Ct. App. 2013).

## II. Ineffective Assistance

¶16. White claims his trial counsel was ineffective for failing to object to the amendment of his indictment. To prevail on a claim of ineffective assistance of counsel, White must show: (1) that his "counsel's representation fell below an objective standard of reasonableness"; and (2) that but for counsel's errors, there is a "reasonable probability" that the outcome of the proceeding would have been different. *Kyles v. State*, 185 So. 3d 408, 411 (¶4) (Miss. Ct. App. 2016) (citation omitted).

5

¶17.    Even if White's trial counsel had objected to the amendment of the indictment, White does not show how the outcome of his case would have been different.  Therefore, White's claim that he received ineffective assistance of counsel is without merit.

¶18.    **THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DISMISSING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**